FRED JOYCE V. THE STATE.

No. 4077. Decided May 5, 1909.

Rehearing Denied June 9, 1909.

**1.—Local Option—Evidence—Credibility of Witness.**

Where upon trial of a violation of the local option law, the testimony of the witness which was sought to be impeached was not denied by the defendant or related to the commission of the offense, there was no error in preventing the defendant from showing that the witness who gave this testimony was prejudiced against the defendant, by reason of a certain speech he had made in a convention, to the effect that parties who sold frosty should be arrested whether guilty or not.

**2.—Same—Evidence—Good Faith—Intoxicating Liquors.**

Where upon trial of a violation of the local option law, defendant claimed that he was selling liquor called frosty believing in good faith that it was a non-intoxicant, there was no error in permitting the State to show on defendant's cross-examination that he had been engaged in the saloon business.

**3.—Same—Charge of Court—Intoxicating Liquor—Good Faith—Mistake of Facts.**

Upon trial of a violation of the local option law where the defendant claimed that he believed that the liquor he sold was a non-intoxicant, and the court in his charge submitted this issue and also instructed the jury that the defendant must use proper care to ascertain whether the liquor was intoxicating before he could claim good faith, etc., there was no error.

**4.—Same—Detective—Conflict of Evidence—Credibility of Witness.**

Where the main witness for the State who testified to the intoxicating quality of the liquor sold was a detective for pay, and other witnesses testified that the liquor was not intoxicating, the question was one of fact for the jury.

Appeal from the County Court of Kaufman. Tried below before the Hon. Thos. R. Bond.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*A. N. Puckett* and *Woods & Morrow,* for appellant.—On question of insufficiency of detective's testimony: Johnson v. State, 3 Texas Crim. App., 590; Speiden v. State, 3 Texas, Crim. App., 156; 1 Bishop Crim. Law, section 262, 263, 6 ed.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This is a local option conviction, the punishment being assessed at $25 fine and twenty days in jail.

The testimony shows that the witness Wheeler was employed by the sheriff of Kaufman County as a detective; that at the time he was chopping cotton at different places in Kaufman County for $1.25 a day; that he picked cotton in the fall, and was, at the time he was testifying, picking cotton for the sheriff of the county; that he received information from a Mr. Freeman that the sheriff wanted the frosty business in Forney stopped, and he wrote to the sheriff in June in regard to the matter; that at that time he was chopping cotton for Freeman, seven miles from Forney. He further stated that the sheriff offered him $25 for the first case of conviction and $10 for each succeeding case; that he accepted the proposition, and went to Forney, where appellant was doing business; that appellant was running a restaurant and cold drink stand, and was selling frosty; that he bought frosty several times from appellant; that he went into appellant's place of business and asked him if he had anything to drink, and he said he had frosty. That he asked him if that was the best he had, and he said it was, and informed him, Wheeler, that he was not selling any intoxicants; that he bought the frosty openly, and the evidence all shows, not only by this witness, but by all the witnesses, that appellant was selling and running his business openly, and that the people—men and ladies—drank at his cold drink stand such things as he sold, including frosty. On one occasion Wheeler went to Dallas and bought four bottles of beer, and brought it to Forney, and he and some others drank this, as well as some bottles of frosty. That while he had this beer he bought frosty from appellant. There is quite a lot of testimony in the record showing that appellant was selling frosty; that he sold it to any and everybody openly, and so carried on his business. There is testimony also that, before appellant would sell the frosty, he had a guarantee from the brewery at Dallas, where he bought the frosty, that it was a nonintoxicant, and under this condition he sold the frosty, believing it was not an intoxicant. The sheriff testified for the State that he was at Forney in June before this prosecution, and

told appellant that he must stop selling frosty or it would cause him trouble; that he further stated to him that what he was selling, called frosty, was an intoxicant, and he would have to quit selling it.    He also testified that he wrote the witness Wheeler that he would give him $25 for the first case of conviction and $10 for each succeeding case against appellant, and that Wheeler reported the facts, and he, the sheriff, filed seven cases against appellant.

1. A bill of exceptions reserved by appellant recites that, while the sheriff, Crane, was testifying, and after the State had examined him in chief, appellant, on cross-examination, in view of the fact that he had testified in his chief examination that he offered to, and did, make a contract with Wheeler by which he was to give him $25 for the first case and $10 for each succeeding case for testimony on which to predicate a conviction for violations of local option laws in Kaufman County, asked: "If it was not a fact that he made the statement in a speech before the Sheriffs Convention of Texas, at Fort Worth, Texas, in May or June this year, that the only way to stop the sale of frosty and frosty joints in local option counties was to arrest the parties engaged in the business of the sale of frosty, and put them in jail, whether they were guilty or not guilty?"    That the State objected to this question without giving any reasons, which the court sustained, whereby the appellant was not permitted to show by the witness himself that he did make such statement in said Sheriffs' Convention, and if he denied making the statement, then appellant proposed to, but was prevented by the ruling of the court, from showing this evidence aliunde to the effect that said witness did make this statement at the time and place aforesaid.    It may well be questioned whether this bill is sufficiently definite to entitle the appellant to a revision of this question.    It is not stated affirmatively what the witness would have answered, nor is it stated affirmatively that, if he denied making the statement, that appellant was able to show he had made same.    However, if we assume that it is shown that the witness either would have admitted making the statement, or could have been impeached, we are not prepared to hold that matters were of such gravity as to entitle appellant to a reversal of his case.    An inspection of the record shows that appellant, who testified in his own behalf, admitted that the sheriff had stated to him that he would have to quit selling frosty, and that this statement was made about the time testified to by the sheriff.    The sheriff testified that he told appellant that the frosty he was selling was intoxicating.    This is not admitted in terms by appellant, and yet it is evident that there could have been no reason for the sheriff insisting on his quitting the sale of this drink except the fact of its intoxicating quality.    The only object and purpose of the testimony was to show interest and bias of the witness and for the purpose of affecting the credibility.    The sheriff admitted that he had promised a reward to the witness Wheeler, as testified by him.    Crane did not testify to the commission of the offense itself.    His testimony related to another mat-

ter, which was practically admitted by appellant in his testimony. In view of these circumstances, we do not think that the refusal of the court to permit the inquiry as to the speech before the Sheriffs' Convention was of such importance and gravity as could in any way affect the result.

2. Again, the State, over objection of appellant, was permitted, while the witness was testifying on cross-examination, to prove by him that some time prior to the prosecution he had been engaged in the saloon business. This evidence was objected to on the ground that same was immaterial and irrelevant, and because said questions and answers thereto were intended to, and did, have the effect to prejudice the minds of the jury against the appellant. We do not think there was any error in admitting this testimony in view of the issues in the case. Appellant was defending on the ground of his good faith in selling the liquor named, and his belief that same was not intoxicating, based in part upon the assurance of the manufacturing company of Dallas. Whether he had such belief or not, of course, was a fact to be determined by the jury in the light of all the testimony that would throw light on this question. If, as he states, he had been in the saloon business for a number of years, and was acquainted with the qualities and effect, and had been engaged in the selling of intoxicating liquors, beer, whisky and wines, and familiar with their effect and appearance, it would seem to be a fact which might properly aid the jury in determining whether he did, in good faith, believe this liquor which he was selling to be nonintoxicating. This would be as true in this case as it would be if one was charged with negligent homicide in firing a loaded gun into a crowd, who sought to defend on the ground that he did not believe that the firearm would carry the distance, rendering his discharge of it into the crowd dangerous, and it was sought to show that he was a man practiced and skilled to the use of all such weapons, and he must therefore reasonably have had such acquaintance with the weapon discharged as to have given him the information and knowledge that its discharge was dangerous. It may be true that appellant was prejudiced before the jury by the fact that he had theretofore been engaged in the saloon business, but if the testimony offered and permitted would have aided the jury, and was relevant to the issue, the fact that some part of his former life was not to his credit was no reason why the testimony should not be received.

3. In this case the issue was submitted to the jury as to whether the liquor sold was intoxicating, and they were charged, if they had a reasonable doubt as to whether the liquor sold was intoxicating, they would give the appellant the benefit of such doubt and acquit him. They were also instructed that, notwithstanding they should find that the liquor was intoxicating, that if they believed, at the time appellant sold the same, he honestly believed it was not intoxicating, as the law defines that term, he would not be guilty. The charge then contained this clause: "But in this connection you are instructed that you must

believe from the evidence that the defendant used proper care to ascertain whether the liquor was intoxicating, if it was, before he would be entitled to be acquitted on the grounds of mistake, in honestly believing, if he did, that the liquor was not intoxicating under the above and foregoing instructions." It occurs to us that this is not an unreasonable limitation upon appellant's defense.

4. As to the merits of the case, there seems to be no doubt that the witness Wheeler was employed as a detective by the sheriff, and was to receive a fixed compensation for a conviction. How far this affected his credibility, and what weight the jury should give to his testimony in the light of these facts, was peculiarly a question for them to determine. Many of the witnesses testified that frosty was not, in fact, intoxicating. The witness Wheeler said the liquor sold him was intoxicating. This being the issue, the jury had the witnesses before them. They have seen proper to believe Wheeler. It is not for us to say they were not justified in so doing.

Finding no error in the record, the judgment of the court below is hereby in all things affirmed.

　　　　　　　　　　　　　　　　　　　　　　　　　　　*Affirmed.*

[Rehearing denied June 9, 1909.—Reporter.]