### Amy Payne v. The State.

#### No. 2897. Decided January 27, 1904.

**Constitutional Law—Dying Declarations.**

It may be considered as settled that the introduction of dying declarations is not violative of section 10 of article 1 of the State Constitution, which requires in all criminal trials that defendant shall be confronted with the witnesses against him.

Appeal from the District Court of Navarro. Tried below before Hon. L. B. Cobb.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Ballew* and *Lewis Carpenter,* for appellant.—The court erred in admitting the testimony of W. B. Grantham and other State witnesses, to prove the alleged dying declarations of the deceased Charles Foster: (1) Because said testimony was hearsay; (2) because said testimony was not admissible, as the defendant, Amy Payne, was not present when said dying declaration was made, and was not confronted by the witness making the declaration or statement, which is a direct denial and violation of a constitutional right, guaranteed by section 10, article 1, of the Constitution; (3) because defendant was not confronted by said witness making the statement, nor was she afforded an

opportunity of cross-examining said witness making said dying decla-ration; and (4) because said statement did not show that Amy Payne, the defendant, was the person referred to by deceased.

"In all criminal prosecutions the accused shall be confronted with the witnesses against him." "In all criminal prosecutions the accused shall have the right to cross-examine all witnesses against him."

Charles Foster, the deceased, made a statement to W. B. Grantham, constable, to the effect that he and Amy had been quarreling, and she wanted him to go away, and he did not want to go; that Amy got the pistol out of the dresser drawer and said she was going to shoot him. "I begged her not to shoot; and she said 'bang.' I said: 'Oh, I am shot!' and sank down on the floor." This was all. This statement was made two days after the shooting. Defendant was not present when the statement was made. This statement was used in evidence against defendant, over her objection. Const. of Texas, 'sec. 10, art. 1; White's Code Crim. Proc., 24; Cline v. State, 36 Texas Crim. Rep., 320; Lillard v. State, 17 Texas Crim. App., 114; Johnson v. State, 22 Texas Crim. App., 464; Bell v. State, 2 Texas Crim. App., 221.

Section 10, article 1, of the State Constitution declares a guarantee of right that is reserved from all general powers of government by sec-tion 29, article 1. This right to be confronted by all witnesses against the accused has no exceptions, no provisos. It is absolute, imperative, not subject to change, modification, limitation or qualification by leg-islative enactment or judicial construction or interpretation. There is nothing to construe, nothing to interpret. The people have said what they meant, and meant what they said. The common law rules of evidence can throw no sacred glow of light upon the subject. The courts can not depart from the mandates of the Constitution. The legislative rules of evidence can not change a constitutional guarantee.

*Howard Martin,* Assistant Attorney-General, for the State.—Appel-lant insists that the court was in error in permitting the State to in-troduce in evidence the dying declarations of the deceased. Her main contention is that the statute which authorizes the introduction of dying declarations is unconstitutional in that it violates that provision of the Constitution which provides that the accused shall be confronted with the witnesses against her. And in support of this proposition she cites Cline v. State, 36 Texas Crim. Rep., 320. It is not necessary to discuss Cline's case and its application to the question here, because the case of Taylor v. State, 38 Texas Crim. Rep. 552, discusses the identical question here presented, and this court sustained the statute in question, holding it did not violate the clause of the Constitution above referred to. Taylor's case, supra, was decided subsequent to the Cline case and refers to the Cline case. See also Burrell v. State, 18 Texas, 713; Black v. State, 1 Texas Crim. App., 368.

HENDERSON, Judge.—Appellant was convicted of murder in the

second degree, and her punishment assessed at confinement in the penitentiary for a term of ten years; hence this appeal.

The only question presented for our consideration is the objection urged by appellant to the admission by the court of the dying declaration of deceased, Charles Foster. No question is made as to the predicate laid for the introduction of this evidence; but it is insisted that the introduction of dying declarations is violative of section 10 of article 1 of the State Constitution, which requires in all criminal trials that defendant "shall be confronted with the witnesses against him." Appellant concedes that this matter has long been settled in the State adversely to her contention; but appellant's counsel urge it has been wrongly settled, and he asks the court to review the admission of this character of evidence, in connection with the clause of the Bill of Rights in question. Appellant also refers us to Cline v. State, 36 Texas Crim. Rep., as recognizing the principle for which he contends here. However, since the decision in Cline's case, the court passed upon this very question in Taylor v. State, 38 Texas Crim. Rep., 552, holding dying declarations admissible. We see no occasion to review this question, as it may be considered settled.

Appellant also contends that the testimony is not sufficient to support the conviction. An examination of the record does not sustain this contention. The conviction is supported by the testimony of one witness, and in addition thereto the dying declarations of deceased. The theory of appellant was that deceased either accidentally or intentionally shot himself. The charge of the court properly presented both theories, and the jury found against appellant. No reason is shown why the verdict of the jury should be disturbed. The judgment is affirmed.

*Affirmed.*