### WEST CRAFT v. THE STATE.

No. 134. Decided November 17, 1909.

**1.—Murder—Adequate Cause—Charge of Court—Provocation.**

Where the statute names the adequate cause, the charge of the court, in submitting the issue of manslaughter, should inform the jury directly that, if the assault by the party injured upon the accused created pain, and thereby sudden passion was engendered which rendered him incapable of cool reflection, the accused would be guilty of no higher offence than manslaughter.

**2.—Same—Case Stated—Statutory Definition of Adequate Cause.**

Where, upon trial of murder, there was evidence that, when the defendant was getting on his horse, the deceased seized the bridle rein of defendant's horse, and gave a jerk which threw the defendant against the pommel of his saddle and hurt his stomach, causing him pain and a bruise, the court erred in not submitting in his charge the statutory definition of adequate cause, as contained in the defendant's requested instruction, the court having failed to give such a charge in his general instructions.

**3.—Provocation—Charge of Court.**

Where, upon trial for murder, there was no evidence with reference to provocation by some other person than the deceased, the court should not have charged as to such provocation.

**4.—Same—Evidence—Dying Declarations.**

Upon trial for murder, there was no error to admit in evidence the following dying declarations of the deceased: "Son killed me for nothing; I could not run out of it, and I couldn't beg out of it." Following Lockhart v. State, 53 Texas Crim. Rep., 589.

**5.—Same—Argument of Counsel—Charge of Court.**

Where, upon trial for murder, State's counsel remarked in his argument that

defendant had objected to the introduction of certain testimony which the court had rejected on defendant's exception, because defendant did not want the truth to come out, and the court, in a written instruction, told the jury to disregard such remarks of counsel, and such testimony had, in fact, never been introduced, there was no error.

Appeal from the District Court of Fort Bend. Tried below before the Hon. Wells Thompson.

Appeal from a conviction of murder in the second degree; penalty, fourteen years imprisonment in the penitentiary.

The opinion states the case.

*Russell & Pearson,* for appellant.—On the question of the court's charge on provocation and adequate cause: Burnett v. State, 53 Texas Crim. Rep., 515, 112 S. W. Rep., 74; Huddleston v. State, 54 Texas Crim. Rep., 93, 112 S. W. Rep., 64; Watson v. State, 50 Texas Crim. Rep., 171, 95 S. W. Rep., 115; Thomas v. State, 49 Texas Crim. Rep., 633, 95 S. W. Rep., 1069; Johnson v. State, 46 Texas Crim. Rep., 291, 81 S. W. Rep., 945; Tucker v. State, 50 S. W. Rep., 711; Brown v. State, 54 Texas Crim. Rep., 121, 112 S. W. Rep., 80; Freeman v. State, 52 Texas Crim. Rep., 500, 107 S. W. Rep., 1127; Young v. State, 55 Texas Crim. Rep., 383, 113 S. W. Rep., 276; Wheeler v. State, 54 Texas Crim. Rep., 47, 111 S. W. Rep., 1022.

On question of argument of counsel: Spicer v. State, 52 Texas Crim. Rep., 177, 105 S. W. Rep., 813; Garland v. State, 51 Texas Crim. Rep., 643, 104 S. W. Rep., 898; Moore v. State, 45 Texas Crim. Rep., 234, 75 S. W. Rep., 497; Davis v. State, 54 Texas Crim. Rep., 236, 114 S. W. Rep., 366; Smith v. State, 55 Texas Crim. Rep., 563, 117 S. W. Rep., 966; Benson v. State, 54 Texas Crim. Rep., 11, 118 S. W. Rep., 1049.

On question of admitting dying declaration of deceased: Dissenting opinion in Lockhart v. State, 53 Texas Crim. Rep., 589, 111 S. W. Rep., 1024; Watson v. State, 50 Texas Crim. Rep., 171, 95 S. W. Rep., 115; Bateson v. State, 46 Texas Crim. Rep., 34, 80 S. W. Rep., 88; Williams v. State, 40 Texas Crim. Rep., 497, 51 S. W. Rep., 220.

On question of court's charge on provocation from other person than deceased: Gallagher v. State, 55 Texas Crim. Rep., 50, 115 S. W. Rep., 46; Fuller v. State, 54 Texas Crim. Rep., 454, 113 S. W. Rep., 540.

On question of court's refusal to give defendant special instruction on adequate cause caused by acts of the deceased causing defendant pain: Lee v. State, 54 Texas Crim. Rep., 382, 113 S. W. Rep., 301; Gallagher v. State, 55 Texas Crim. Rep., 50, 115 S. W. Rep., 46; Gilford v. State, 54 Texas Crim. Rep., 510, 114 S. W. Rep., 138; Fuller v. State, 54 Texas Crim. Rep., 454, 113 S. W. Rep., 540; Scott v. State,

49 Texas Crim. Rep., 386, 93 S. W. Rep., 112; Arnwine v. State, 54 Texas Crim. Rep., 213, 90 S. W. Rep., 213.

*F. J. McCord,* Assistant Attorney-General, for the State.—On dying declarations: Roberts v. State, 5 Texas Crim. App., 141; Sims v. State, 36 Texas Crim. Rep., 154; Wilson v. State, 49 Texas Crim. Rep., 50; Bateson v. State, 46 Texas Crim. Rep., 34, 80 S. W. Rep., 88.

DAVIDSON, PRESIDING JUDGE.—This conviction was for murder in the second degree, the punishment being assessed at fourteen years in the penitentiary.

The court gave a charge with reference to manslaughter in which he informed the jury that it is not enough that the mind is merely agitated by the passion arising from some other provocation, nor the provocation given by some person other than the party killed. Exception was reserved to this portion of the charge especially that which refers to the provocation given by some other person than the deceased. Applying the law to the case, the court gave the following charge: "Although the law provides that the provocation causing the sudden passion must arise at the time of the killing, it is your duty in determining the adequacy of the provocation (if any), to consider in connection therewith all the facts and circumstances in evidence in the case, and if you find that, by reason thereof, the defendant's mind at the time of the killing was incapable of cool reflection, and that said facts and circumstances were sufficient to produce such state of mind, in a person of ordinary temper, then the proof as to the sufficiency of the provocation satisfies the requirements of the law, and so in this case you will consider all the facts and circumstances in evidence in determining the condition of the defendant's mind at the time of the alleged killing, and the adequacy of the cause (if any) producing such condition." Appellant requested the following instruction which was refused: "If the deceased caught the bridle of defendant's horse and jerked it and thereby caused the horse to rear or plunge and thereby caused defendant to be thrown against the pommel of the saddle with such force as to cause defendant pain, and because of such conduct, if any, on the part of deceased and such pain, if any, the defendant in a sudden passion, caused by such conduct and pain, if any, shot and killed deceased, you will not find the defendant guilty of any higher offense than manslaughter." The court refused this charge, he says, because it was covered by other charges. We are of opinion that under the facts of the case this charge should have been given. The charge of the court was very general and virtually left the jury to decide whether or not the facts and circumstances were sufficient to produce such state of mind in a person of ordinary temper, and if they should so find, then the evidence as to the sufficiency

of the provocation would satisfy the requirements of the law. The facts briefly stated are about as follows: The deceased had made an assault upon appellant some months prior to this killing with a knife, growing out of appellant's refusal to join him in taking a drink of whisky, and also another trouble growing out of the fact that appellant had made a statement to the effect that the deceased had cut his saddle at a party, which enraged the deceased. The deceased denied, in conversation with appellant, that he had cut the saddle and appellant apologized for the statement he made. Upon the particular evening of the difficulty they met at a store and the deceased began to talk to appellant in such a manner that appellant concluded that it was a part of wisdom to leave and mounted his horse and rode away. Subsequently and on the same evening they met and the conversation and threats were renewed on the part of deceased toward appellant. Deceased ordered appellant to dismount from his horse which he did. Appellant had a knife, which, on account of some threats made by deceased, he handed to deceased, Deceased then said, "You've got a pistol," and appellant handed deceased the pistol. Through others his knife and pistol were handed back to appellant and appellant turned and went to his horse with a view of mounting it and leaving, and he was unaware, he says, of the fact that deceased was following him, and was getting on his horse when deceased seized his bridle rein and gave it a jerk which threw appellant against the pommel of the saddle and hurt his stomach right badly, which caused him pain and a bruise which remained for several days. The deceased held on to the bridle rein over appellant's protest and would not let go. Whereupon, appellant drew his pistol and fired three shots which brought about the death of deceased. There was also evidence introduced to the effect that appellant believed that deceased was going to kill him; that he thought deceased was armed, but it is not necessary here to collate the facts with reference to the issue of self-defense. Under these conditions we are of opinion that the court should have charged the statutory definition of provocation, or adequate cause as contained in his requested instructions. Where the statute names the adequate cause, the charge, in submitting the issue of manslaughter, should inform the jury directly that, as in this case, if this assault created pain and thereby was engendered sudden passion which rendered the mind incapable of cool reflection, appellant would be guilty of no higher offense than manslaughter. We think, therefore, there was error on the part of the court in not giving this special instruction as requested, as well as not giving it in a general charge. This question should have been directly brought to the attention of the jury. Upon another trial the court, if the facts are the same as embodied in this record, should not charge with reference to provocation by some other person. That issue was not raised by the testimony and, therefore, not called for in the charge.

There are quite a number of errors assigned with reference to the charge of the court, some of which will not arise upon another trial and the others were sufficiently charged upon by the court. This much with reference to the charge.

Bills Nos. 1 and 2 were reserved to the introduction of the dying declarations and recite that the witnesses were permitted to repeat the following language as the statement of dying declarations of the deceased: "Son killed me for nothing. I could not run out of it, and I couldn't beg out of it." See the opinion in Lockhart's case, 53 Texas Crim. Rep., 589, and Clark v. State, 56 Texas Crim. Rep., 293, 120 S. W. Rep., 179. The Clark case reviews the authorities upon which appellant relies for a reversal on this question and over-rules them. For a discussion of the matter see Clark's case, supra. In this ruling of the court, therefore, there was no error.

There was a question raised in regard to the forming of a special venire in the case, and incidental questions which will not occur upon another trial.

Bill of exceptions shows that Maggie Hayes testified, stating that she was an eyewitness to the killing and her testimony was material-ly adverse to appellant. Appellant denied all of her statements while upon the witness stand and his other testimony made it impossible, if true, that she could have seen the difficulty. Ed. Robinson testified at the examining trial. His testimony was reduced to writing under the terms of the statute. He did not, however, appear at the trial and there was nothing to show that he was either dead or out of the State. In fact there was no predicate laid for the introduction of his testimony. The State offered it before the jury. Appellant objected on two grounds which objections were sustained by the court. In regard to these matters private prosecuting counsel in the case stated that there was no better evidence that defendant was guilty than that he had objected to the testimony of Ed Robertson; that the State only wanted what was right and true and for that reason wanted the jury to know what Ed. Robertson said about the killing, but the defendant did not want the truth to come out and, therefore, objected to said testimony being introduced; and made other remarks and finally said: "Why, if defendant wanted the truth, did he ob-ject to the introduction of the testimony?" Appellant requested an instruction withdrawing these remarks from the jury and instructing them not to consider the same, or other remarks of similar import. This was refused, as requested, but the court modified it to some extent and gave the charge in the following form: "Mr. William-son, of counsel for the State, saw fit in his opening argument to say that the State had offered in evidence the alleged testimony of one Ed. Robertson, alleged to have been given on the examining trial in this case, and that defendant had objected to it being introduced, and that if defendant wanted the truth, why did he object to the

admission of such testimony, and other remarks of similar import. You are instructed that the alleged testimony of Robertson, which was offered by the State and excluded by the court, had absolutely no standing as legal evidence in this case and was not admissible for any purpose, and the defendant had the perfect right to object to its introduction without in anywise being criticised for making such objection, and the said remarks on the part of Mr. Williamson, you will not consider said remarks in any degree." Appellant objected to the court giving the instruction as modified. We are of opinion that this charge was sufficient and pertinently instructed the jury to disregard the remarks of the attorney. The evidence did not get before the jury except as implied in the fact that it was offered. Exceptions were sustained as to its introduction as evidence and we are of opinion, as presented, the charge of the court sufficiently protected appellant from any injury before the jury.

For the error discussed in this opinion the judgment is reversed and the cause remanded.

*Reversed and remanded.*