## Joe Woods v. The State.

### No. 5745. Decided May 12, 1920.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder assessing a life sentence in the penitentiary, the evidence, although conflicting, was sufficient to sustain a conviction, the judgment will not be disturbed.

**2.—Same—Evidence—Acts of Witness.**

Where, upon trial of murder the State's witness was, testifying as to what transpired when he got to the scene of the shooting and found deceased lying on the ground badly wounded and calling for help, there was no error to permit the State to ask the witness if he did anything with reference to that wound and to permit him to answer that he never bothered with the wound at all, as this could not possibly injure the rights of the defendant.

**3.—Same—Evidence—Declarations of Deceased—Res Gestae.**

Upon trial of murder there was no error to admit in evidence the statement by deceased to the effect that defendant had shot him for nothing, same being *res gestae.*

**4.—Same—Evidence—Dying Declaration—Res Gestae.**

Upon trial of murder there was no error in admitting testimony that deceased said that defendant shot him for nothing; that he was trying to make his get-away; that they had had a misunderstanding, and that he went back to apologize, this being both a dying declaration and *res gestae.*

**5.—Same—Evidence—Undisclosed Motive.**

The objection to the declarations of deceased that defendant shot him for nothing, etc., was a statement of the conclusion of the deceased and of his undisclosed purpose returning where defendant was immediately preceding the shooting, is untenable, besides, the same character of testimony was given by other witnesses without objection.

**6.—Same—Rules Stated—Dying Declarations.**

When the death of the declarant and the circumstances immediately connected therewith are the subjects mentioned, dying declarations are admissible. Following Gaines v. State, 58 Texas Crim. Rep., 631, and other cases.

7.—Same—Evidence—Declarations of Defendant—Bill of Exceptions—Res Gestae.

Upon trial of murder there was no error to introduce in evidence certain statements made by the defendant to a State's witness which was about two minutes after the shooting and was *res gestae*. Following Bronson v. State, 59 Texas Crim. Rep., 17, and other cases.

8.—Same—Evidence—Bill of Exceptions.

Where all the questions objected to were answered in the negative by the defendant, there was no reversible error. Besides, if they had been answered affirmatively, it would have been *res gestae*.

9.—Same—Evidence—Bill of Exceptions—Acts of Defendant.

Upon trial of murder there was no error in admitting testimony showing how long the defendant had in his possession the shotgun used by him in committing the homicide, and as to when he had loaded the same and with what kind of shot, as this was material to show the purpose for which he had the gun, etc.

10.—Same—Evidence—Rehearing—Purpose of Deceased.

Where, upon trial of murder, it appeared that defendant did not shoot the deceased upon any theory of apparent danger, or the execution of threats or of the approach of deceased without disclosing his purpose and motive, but that the statement of deceased was made by him almost immediately after the shooting, the same could not be objectionable as disclosing the secret purpose of the deceased and was unknown to the defendant. Distinguishing Johnson v. State, 66 Texas Crim. Rep., 586, and other cases.

Appeal from the District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of murder; penalty: imprisonment for life in the penitentiary.

The salient facts in this case are, that about an hour before the fatal difficulty deceased had been in defendant's barber shop and was shaved by a female barber, concerning whom the defendant and deceased had a wordy altercation and defendant ordered him out of the barber shop; that about an hour thereafter deceased returned to make an apology to the defendant, claiming that the first trouble was based upon a misunderstanding between them, when defendant again ordered him out of the barber shop, and as deceased was leaving and when outside within eight or ten feet of the door, with his back to same, defendant appeared in the door with a shotgun and shot him in the back when the deceased had his hands down by his side and was walking away; that he had nothing in his hands; that the deceased, a few minutes after he was shot, said that he believed he was dying or going to die; that defendant shot him for nothing and that he was trying to run and get away; that they had had a misunderstanding and that he had gone back to apologize, etc. This was the State's testimony. The defendant claimed, however, that the deceased made a premeditated attack upon

him and that he acted in self-defense. The court charged on murder, manslaughter, and self-defense.

*Poulter & Koenig* and *John Russell*, for appellant.—On the question of undisclosed purpose: Darnell v. State, 58 Texas Crim. Rep., and cases cited in opinion.

On question of *res gestae*: Adams v. State, 44 Texas Crim. Rep., 66; Killman v. State, 51 id., 204; Wooley v. State, 3 Texas Crim. App., 236.

On question *ex parte* statements of deceased: Lockhart v. State, 53 Texas Crim. Rep., 593; Bateson v. State, 46 id., 34.

Upon declarations of defendant: Hensen v. State, 62 Texas Crim. Rep., 336; Overstreet v. State, 150 S. W. Rep., 899.

On question of admitting testimony with reference to possession of gun by the defendant: Sorrell v. State, 74 Texas Crim. Rep., 505.

*Alvin M. Owsley*, Assistant Attorney General for the State, and *Jesse M. Brown*, District Attorney, and *Clark and Sweetcn*, for the State.—On question of dying declarations and *res gestae*: Lamb v. State, 169 S. W. Rep., 1160, and cases cited in opinion.

On question of testimony with reference to possession of gun: Cotton v. State, 217 S. W. Rep., 163.

On question of declaration of defendant with reference to shooting: Craig v. State, 30 Texas Crim. App., 619; Hinsley v. State, 132 S. W. Rep., 779; Hiles v. State, 163 S. W. Rep., 721; Rice v. State 179 S. W. Rep., 876; Mitchell v. State, 106 S. W. Rep., 124; Kelley v. State, 190 S. W. Rep., 173.

LATTIMORE, JUDGE.—Appellant was given a life sentence in the penitentiary, in the Criminal District Court of Tarrant County, for the murder of one W. R. Price.

The killing occurred in the city of Ft. Worth, in a barbershop, of which appellant was proprietor. The evidence is sharply conflicting as to which of the parties, appellant or deceased, began the fatal difficulty, but if it is conceded that under the rule that conflicts in evidence are to be settled by the jury, there is ample evidence in the record to support the verdict.

Taking the various matters here urged as error, in the order in which same are presented, we first observe that it is contended that it was error to permit the State to ask the witness Hoffman if he did anything with reference to that wound, and to permit the witness to answer that he never bothered with the wound at all. It appears from the bill of exceptions that this witness was testifying as to what transpired when he got to the scene of the shooting, and found deceased lying on the ground badly wounded and calling for help. The objection, as made, is without merit. The fact that the witness did nothing for the wound, could not possibly have hurt the cause of

appellant. There appears no intimation that the fact that the witness did nothing for the wounded man, was in any way incited or caused by any action of the appellant. This matter is presented here in bill of exceptions No. 1.

By his bill of exceptions No. 2, appellant complains of the admission of a statement by deceased, to the effect that appellant had shot him for nothing. It is shown that this statement was made almost immediately after the firing of the gun. There was no error in admitting this testimony. Clark v. State, 56 Texas Crim. Rep., 293, 120 S. W. R., 179; Craft v. State, 57 Texas Crim. Rep., 257, 122 S. W. Rep., 546.

It is also urged that in reply to another question, witness Hoffman stated that deceased said that appellant shot him for nothing; that he was trying to make his get-a-way; that they had had a misunderstanding, and he went back to apologize. This is shown to have been admissible, both as a dying declaration, and as *res gestae*. The objection thereto was, that it was a statement of the conclusions of the deceased, and of his undisclosed purpose in returning where appellant was immediately preceding the shooting. In his approval of this bill, the trial court calls attention to the fact that several other witnesses (naming them) testified that just before the fatal difficulty, the deceased was apologizing to appellant; and further, that appellant himself, stated while on the witness stand, that deceased came into his shop just prior to the shooting, and that deceased said that appellant had judged him wrong, that he didn't mean to insult the girl, that he had come to settle this thing, and get it squared. Examining the testimony of these witnesses, as contained in the statement of facts, we find that the trial court was correct in his explanatory statement, and can see no harmful error in admitting the testimony complained of. When the death of the declarant, and the circumstances immediately connected therewith, are the subjects mentioned, dying declarations are admissible. Radford v. State, 35 Texas Crim. Rep., 526; Craven v. State, 49 Texas Crim. Rep., 78; Gaines v. State, 58 Texas Crim. Rep., 631. Aside from the declaration that he was shot for nothing, there appears in said statement of deceased, as complained of in bill of exceptions No. 3, nothing that was not fully established by other testimony.

By the thirteenth bill of exceptions, complaint is made of certain statements made by appellant to the witness D. E. Lloyd. This bill is quite lengthy, but sets out no grounds of objection to said testimony. The State seems to have offered said statement, both as impeaching, and as an original *res gestae* statement of the accused. It appears from the bill that after a lengthy cross-examination of the witness, for the purpose of testing him and laying a predicate for objection, that the following statement of objection was made by the attorney for the appellant: "Whereupon defendant then and there objected to the introduction of anything the defendant may have said to the

witness, and to any statement that is claimed Mr. Woods may have made in that barbershop at any time after Mr. Lloyd went to the door of the barber shop.'' The objection was overruled, and an exception taken. This is too general. No ground of objection whatever is stated. Davis v. State, 14 Texas Crim. App., 645; Conner v. State, 17 Texas Crim. App., 1; Buchanan v. State, 24 Texas Crim. App., 195; Day v. State, 62 Texas Crim. Rep., 527; Edmandson v. State, 64 Texas Crim. Rep., 887. However, if in view of the seriousness of the penalty inflicted, we should consider the matter set out in bill of exceptions No. 13, as though same had been properly objected to, for the reason that appellant was under arrest at the time, and unwarned, we should hold that no error was committed, in that said testimony was clearly *res gestae.* An apparently unbroken line of decisions in this State holds *res gestae* statements admissible, regardless of whether or not the accused was under arrest. Harrison v. State, 20 Texas Crim. App., 387; Powers v. State, 23 Texas Crim. App., 66; Weatherby v. State, 29 Texas Crim. App., 307; Miller v. State, 31 Texas Crim Rep., 609; Bowen v. State, 47 Texas Crim. Rep., 147; Bronson v. State, 59 Texas Crim. Rep., 17; Hickman v. State, 65 Texas Crim. Rep., 583, 145 S. W. Rep., 414; Davis v. State, 70 Texas Crim. Rep., 37, 155 S. W. Rep., 549. The authorities cited by appellant are without reference to the rule of *res gestae.* It is in testimony that the officer Lloyd heard the shooting, and ran at once to the scene, getting there a moment or two after it occurred; and there seems no possible question as to the testimony being of this character.

By his bill of exceptions No. 12, appellant complains of a large number of questions propounded to appellant while on the witness stand, said questions relating to statements made by him to the witness Lloyd. We are of opinion that the statements so made would have been admissible under the rule of *res gestae,* and that no error would be shown if the witness had answered the questions affirmatively. However, all of said questions were answered in the negative, and no possible error appears.

Appellant has a bill of exceptions to various questions and their answers, relative to how long the appellant had in his possession the shotgun used by him in committing the homicide, and as to when he had loaded the same, and with what kind of shot the same was loaded. The objection to this evidence was that it was irrelevant, incompetent, and immaterial. This is no sufficient statement of objection, as we have often held. If we were to consider it as a kind of general demurrer, we should hold said evidence as generally admissible. Deceased was shot with the gun in question, in the hands of appellant, and it would be material to show that appellant had the gun in his possession, and it might be material to show the purpose for which he got it, and the kind of ammunition with which the same was loaded.

There are other bills of exception in the record, which raise questions not presented in appellant's brief. We have examined these,

and are of opinion that none of them present any reversible error. Appellant appears to have had a fair trial, and finding no errors in the record  the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING

May 12, 1920.

LATTIMORE, Judge.—In his motion for rehearing, appellant presents only the contention that we erred in holding admissible the declarations of the deceased, which were admitted upon the ground that the same came under the head of dying declarations, and *res gestae,* it being asserted that in said declarations were matters which were the secret intention and purpose of deceased, and not known or disclosed to appellant.  The matter complained of appears in bill of exceptions No. 3, and the statement attributed to deceased in said bill was made by him almost immediately after the shooting, and as detailed by the witness who reproduced the same in testimony, it is as follows: ''He said Mr. Woods shot him for nothing, he was trying to make a getaway, and that they had a misunderstanding over there, and he went back to apologize.'' Appellant's objection, as made in his motion, is ·addressed almost entirely to the latter part of said statement, wherein deceased said that they had a misunderstanding, and that he went back to apologize, it being claimed, as stated above, that this evidenced only the secret intention of deceased, and was unknown to appellant. Appellant insists that we did not carefully examine the authorities cited by him in support of this contention.  We did examine them, but did not discuss them in the opinion.  The cases cited hold that even though it be *res gestae,* or part of a dying declaration, testimony is inadmissible which goes to prove a material fact of which the accused had no knowledge, as, for instance, where one approaches another, who, acting on such approach, or some such theory as apparent danger, or an attempt to execute a threat, makes an assault, or kills the party approaching, and on the trial of the case, the State undertakes to prove the motive or reason given by the deceased for making such approach.  For illustration, in the Johnson case, 66 Texas Crim. Rep., 586, the case was reversed because it was shown that deceased stated, and also his employer testified, that the purpose of deceased in going to where the accused was, was to collect a bill, it not being shown that the accused knew of the fact that such was the purpose of deceasea. Also, in the Clark case, 56 Texas Crim. Rep., 293, where it was in testimony that the purpose of deceased in going to where the accused was, was to arrest him, but it was not shown that this fact was disclosed to, or know by the accused.  Likewise, in the Darnell case, 58

Texas Crim. Rep., 585, the injured party was permitted to say that just before the difficulty, he saw the accused standing there, and thought he would go and speak to him and correct a misunderstanding. Other cases of similar import are cited and relied upon by this appellant, but the holdings in these cases are without application to the facts of the instant case. Appellant did not shoot deceased upon any theory of apparent danger, or the execution of threats, or of the approach of deceased without disclosing his purpose and motive. In case such facts had appeared in this record, we think we would have held the statement complained of, inadmissible, as it would have come under the head of the secret and undisclosed purpose of deceased, of which appellant had no knowledge.

The evidence of the witnesses in the instant case, including appellant himself, make it clear that when deceased entered the barbershop of appellant a few moments before he was shot, he went over to appellant and made an apology, and stated that when he was in the shop a little while before, he had not meant to insult the young lady in the shop; it further appeared that appellant then appealed to the young woman for her version of the affair, and she said the deceased was a ''pop-eyed liar,'' and here the difficulty began. That there was a misunderstanding between deceased and the young woman in the shop where appellant was, and also the further fact that when deceased came into the shop on the occasion of the killing, that he then apologized, were well known to the appellant. It thus appears that nothing in the *res gestae* statement of deceased was of any material matter evincing a secret motive or intention unknown or undisclosed to appellant before the shooting took place; nor does it appear that appellant acted on any appearance of danger, in shooting deceased as he approached him, or that the purpose of deceased in approaching appellant, was an undisclosed lawful purpose.

Being unable to agree with appellant's contention, and thinking his authorities inapplicable, the motion for rehearing is overruled.

*Overruled.*