### JOEL FINLEY v. THE STATE.

No. 7034.   Decided June 7, 1922.

Rehearing Denied November 8, 1922.

1.—Manslaughter—Dying Declarations—Short-hand Facts.

Where, upon trial for murder and conviction of manslaughter, the defendant objected to that part of said dying declaration which read, "He shot me in cold blood," because said statement was but the opinion of the deceased at the time of the shooting: held, that said declaration was admissible as a short-hand rendering of the facts. Following Connell v. State, 46 Texas Crim. Rep., 261, and other cases, distinguishing Bateson v. State, 46 Texas Crim. Rep., 34 and other cases.

2.—Same—Reproduction of Testimony—Rule Stated.

Where the facts regarding the predicate for the introduction of testimony of an absent witness was similar to those discussed in former decisions of this court, and consisted of letters bearing post mark of the foreign State, and a statement by the absent witness written from said foreign State, claiming impossibility of his being present and testifying in the instant case, etc., the predicate was sufficient for the reproduction of the absent witness's testimony. Following Fox v. State, recently decided.

3.—Same—Rehearing—Practice on Appeal.

Notwithstanding the very earnest contention that error was committed, the court is constrained to adhere to its former opinion.

Appeal from the District Court of El Paso. Tried below before the Honorable W. D. Howe.

Appeal from a conviction of manslaughter; penalty, three and one-half years.

The opinion states the case.

*L. A. Dale,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of El Paso County of manslaughter, and his punishment fixed at three and one-half years in the penitentiary.

There are but two contentions presented here in the brief of the appellant, same being presented by the only two bills of exception in the record.

By the first bill of exceptions appellant presents his objection to the introduction ·in evidence of a part of the dying declaration of the deceased. Said declaration was in writing and signed by the deceased, and is as follows:

"My name is A. Van Mourick and I am fully conscious of the fact that I can live but a short time and I desire to make the following statement of the cause of the trouble in which I was shot.

I do not know the man's name who shot me. He shot me in cold blood. I was trying to prevent trouble between two other men when he shot me. Witness my hand this 30th day of August, A. D. 1919. (Signed) A. Van Mourick. Witnesses: F. P. Miller, Gene Autman· Mathis."

That part of said dying declaration at which the objection was directed was the sentence, "He shot me in cold blood." The objection was that said statement was but the opinion of the deceased as to the condition of the mind of the defendant at the time of the shooting.

There have been so many pronouncements by this court upon the general subject of dying declarations that we do not deem it necessary to go into an extended discussion of the reasons advanced for admitting same, nor do we desire to attempt to lay down any limits within which such declaration must be confined, and beyond which it must not go. While we have not found in our authorities in this State a decision passing upon the acceptance or rejection of a statement in the exact words of the one here involved, there are many which pass upon cases whose facts, and the principles announced, are analogous. In the following cases the deceased stated in his dying declaration, in substance, that the accused shot him for nothing, and in all the cases this was held admissible. Roberts v. State, 5 Texas Crim. App., 150; Carter v. State, 8 Texas Crim. App., 372; Lockhart v. State, 53 Texas Crim. Rep., 593; Craft v. State, 57 Texas Crim. Rep., 261; Corbitt v. State, 72 Texas Crim. Rep., 396, 163 S. W.· Rep., 436; Woods v. State, 87 Texas Crim. Rep., 354, 221 S. W. Rep., 276. In Sims v. State, 36 Texas Crim. Rep., 156, a dying declaration to the effect that "Sims ought not to have shot me" was held admissible, and in Connell v. State, 46 Texas Crim. Rep., 261, a similar statement to the effect that "He had no cause for doing it" was held admissible. In McBride v. People, 37 Pac., 953, the Supreme Court of Colorado affirmed the introduction in evidence as part of a dying declaration of a statement similar to that·here complained of, asserting in the opinion that such statement was "merely intended to

illustrate the lack of provocation and wantonness in which the appellant did the act; it was descriptive of the manner in which the act was committed; it conveyed the idea that the appellant disregarded the claims of humanity, and without giving any warning shot him. It was a statement of fact by way of illustration.'' We think the declaration fairly well within the often used phrase that an opinion which is a shorthand rendering of the facts, is admissible. We can see no ground of objection to this statement that could not have been urged in any of the cases above cited. To assert that one shot another for nothing, is to state that the shooting was without cause and was wanton and without justification. Appellant cites only the cases of Bateson v. State, 46 Texas Crim. Rep., 34, and Williams v. State, 51 S. W. Rep., 224, as authority for his contention. The Bateson case was disapproved by this court in Clark v. State, 56 Texas Crim. Rep., 293, in which latter case we held that it was permissible to prove for the defense a statement which was a part of the *res gestae,* to the effect that the accused shot in self-defense. We think the language used in both the Bateson and Williams cases much more objectionable than that here complained of, and that neither of them should be carried to the extent of being held as authority to reject the statement which is made the basis of this objection. We are of opinion that there was no error in admitting the entire dying declaration.

Appellant's only other contention is that there was no sufficient predicate laid by the State for the reproduction of the testimony of a witness absent from the State. The facts regarding said predicate are very similar to those discussed by us in Fox v. State, No. 6697, decided by this court on May 31, 1922. As part of the predicate in the instant case letters bearing a California postmark and a statement by the absent witness written from California stating the impossibility of his being present and testifying in this case, and further proof of correspondence between parties in El Paso and the absent witness in California, as well as proof of the identity of the handwriting in such correspondence with that of the absent witness by persons who were familiar with such handwriting, all appear in the predicate as made by the State. We think it sufficient and that no error was committed. Fox v. State, supra; Sanchez v. State, 69 Texas Crim. Rep., 134, 153 S. W. Rep., 1133; Milner v. State, 72 Texas Crim. Rep., 45, 162 S. W. Rep., 348; Anderson v. State, 74 Texas Crim. Rep., 621; 170 S. W. Rep., 142; Brent v. State, 89 Texas Crim. Rep., 544, 232 S. W. Rep., 845.

These being the only matters complained of, and finding ourselves unable to agree with the contentions of appellant, the judgment of the trial court will be affirmed.

*Affirmed.*

35—92 T. C.

ON REHEARING.

November 8, 1922.

HAWKINS, JUDGE.—As requested by appellant, we have again re-
viewed the only two questions discussed in our original opinion. Not-
withstanding the very earnest contention that error was committed
we are constrained to adhere to the announcements heretofore made.

The motion for rehearing is overruled.

*Overruled.*