## LLOYD EARL SHAFFER V. STATE

No. 25452. November 7, 1951.

Hon. Henry King, Judge Presiding.

No attorney for appellant of record on appeal.

*Henry Wade*, Criminal District Attorney, *Charles S. Potts,*

Assistant Criminal District Attorney, Dallas, and *George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for a second offense of driving on a public highway while intoxicated. Upon a jury conviction, judgment was entered with a sentence of two and a half years in the penitentiary.

The offense was alleged to have been committed on the 24th day of December, 1947. As a basis for the judgment it was alleged that he was previously convicted for a like offense, in Cause No. 29359 Dallas County, which conviction became final on the 5th day of June, A. D. 1945.

The evidence introduced by the state will sustain the jury's finding. Appellant has filed no brief and no argument has been presented to the court in behalf of the contention. Reliance is had on four bills of exception, which will be discussed in their order.

Bill No. 1 complains of the introduction in evidence of certified copies of the record showing the former conviction and final judgment. This objection is not well taken. Certified copies are admissible and of necessity must be relied upon in many instances for use where court records cannot be transported. While the records in the case at bar might have been available, the court's qualification to the bill states that proper predicate had been laid to warrant admission of the certified copies.

Bill of Exception No. 2 complains of the refusal of the trial court to instruct a verdict of not guilty in his favor. This was based on the contention that the state failed to prove that the judgment of June 5, 1945, had become final. As we construe the evidence, it amply shows the final conviction, as well as proof of the identity of the appellant as the party involved in the former conviction. The caption of the judgment in that case states the charge lodged against accused. In addition, the witness Marvin Blount, a member of the Texas Highway Patrol, testified that he was present in the court room on June 5, 1945, at the former trial of this appellant; that it was the same man who was the defendant in this case; and that he heard him plead guilty "through his attorney to that charge, Driving a Motor Vehicle while under the influence of Intoxicants."

A deputy county clerk, testifying in behalf of the state, said that the case was not appealed, that he has the complete record there and that it shows no new trial was granted.

Bill of Exception No. 3, as qualified by the court, presents nothing requiring a discussion.

Bill of Exception No. 4 complains of the court's charge and his failure to submit a special requested charge on the issue which he seeks to raise as an affirmative defense. This, it is contended, is raised by the evidence that he had taken some pills because of his suffering from having his teeth removed. Defendant did not testify in his own behalf and we find no evidence of sufficient import to raise such an issue, requiring affirmative instruction to the jury. While there was evidence that he took some medicine, there is none to indicate how it affected him and that it was the cause of his driving the car in the manner detailed by the officers, or that the pills caused his conduct relied upon by the witnesses for the conclusion that he was intoxicated. His sister and his two children testified that he was not intoxicated in the least, but the jury accepted the evidence of the officers instead and we are bound by their finding.

The record reveals no reversible error and the judgment of the trial court is affirmed.