McCONNELL & BOURLAND v. BRUGGERHOFF & HEIDEN-
HEIMER.

(No. 896, Op. Book No. 2, p. 217.)

APPEAL from Brown County. Opinion by QUINAN, J.

§ **1004.** *Assignment of errors.* Where the charge of the court was voluminous, embracing several propositions, and the assignment of error in relation thereto was: " The court erred in its instructions given the jury and did not charge the law applicable to the case," such assignment was held to be insufficient — not in compliance with the rule which requires that the error shall be distinctly set forth. [Trammell v. McDade, 29 Tex. 360; Fisk v. Wilson, 15 Tex. 430.] And an assignment that the court erred " in refusing to give the first, second, third, fourth, fifth and sixth instructions asked by defendants' counsel," was likewise held to be insufficient to require of the court consideration. [Clements v. Hearne and wife, 45 Tex. 415.]

§ **1005.** *Fraudulent conveyance; notice to vendee of fraudulent intent of vendor.* To invalidate a conveyance made to hinder, delay or defraud the creditors of the vendor, it is not necessary that the evidence should show that the vendee had actual knowledge of the fraudulent intent of his vendor. If the vendee was in possession of such facts as would reasonably satisfy an individual of the fraudulent intent of the vendor, or put him upon inquiry in relation thereto, this would be constructive notice of the vendor's fraudulent intent, and sufficient to affect the vendee with its vice. In order that the purchaser from a fraudulent vendor may be protected, he must not only have paid value, but he must not have known, or have had reason to know or believe, that he was enabling his vendor to make a disposition of property for his own benefit which of right belonged to his creditors. [Humphries v. Freeman, 22 Tex. 45; Garahy v. Bayley & Co. 25 Tex. Sup. 294.]

§ **1006.** *Charge requested; court is not bound to correct, etc.* The court is under no obligations to change or modify instructions asked, so as to make them proper and legal, nor to subdivide its paragraphs, separating the possible good from the erroneous sections of it. [Wells v. Barnett, 7 Tex. 584.]

§ **1007.** *Refusal of charge; not always reversible error.* It is not every error of the court in refusing to give instructions requested which will require the reversal of the judgment. It must be shown that injury might have resulted from the error. [Carter v. Eames, 44 Tex. 544; Salinas v. Wright, 11 Tex. 572; Hollingsworth v. Holshousen, 17 Tex. 41.] There is a wide difference between the possible effect of giving erroneous instructions and the refusal to give proper ones. In the one case, the presumption is that the erroneous instruction misled the jury; in the other, that presumption does not arise.

March 30, 1881.                 Reversed and reformed.