## Thomas Sanchez v. State.

### No. 2292.   Decided February 19, 1913.

1.—Murder—Evidence—Reproduction of Testimony—Predicate.

'Where, upon trial of murder, there was a sufficient predicate laid to admit the testimony given on a former trial by a State's witness who had left the State, there was no error. Following Robertson v. State, 63 Texas Crim. Rep., 216.

2.—Same—Charge of Court—Reasonable Doubt.

Where, upon trial of murder, the court's definition of reasonable doubt was in accordance with Article 765, Code Criminal Procedure, without further amplification or explanation, the same was sufficient and proper practice. Following Thompson v. State, 37 Texas Crim. Rep., 227, and other cases.

3.—Same—Charge of Court—Manslaughter.

Where, upon trial of murder, the evidence did not raise the issue of manslaughter, there was no error in the court's failure to charge thereon.

4.—Same—Requested Charges.

Where one requested charge was not applicable to the facts and the other embraced in the court's main charge, there was no error in refusing them.

5.—Same—Evidence—Size—Age.

Where the issue was material, there was no error in admitting testimony as to the relative size and age of the parties.

6.—Same—Sufficiency of the Evidence.

Where, upon trial of murder, a conviction of murder in the first degree was sustained by the evidence under a proper charge of the court, there was no error.

Appeal from the District Court of Goliad.   Tried below before the Hon. John M. Green.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.—On question of laying predicate for reproduction of testimony:  Scruggs v. State, 35 Texas Crim. Rep., 622; Hughes v. State, recently decided.

HARPER, Judge.—Appellant was prosecuted for and convicted of murder in the first degree, and his punishment assessed at death.

This is the second appeal in this case, the opinion on the former appeal being reported in 67 Texas Crim. Rep., 453, 149, S. W. Rep., 124. The facts are so fully stated in the former opinion, we do not deem it necessary to recite any of the testimony.

The first bill of exceptions shows that the testimony of Cyrus Parks, given on the former trial was reproduced, to which defendant objected on two grounds, first, that no sufficient predicate was laid

and, second, on the ground that defendant was entitled to be confronted with the witnesses agaist him. This latter proposition was so fully discussed in Robertson v. State, 63 Tex. Crim. Rep., 216, 142 S. W. Rep., 533, we do not deem it necessary to do so again. As to the first objection, the absent witness' father testified: ''I know Cyrus Parks; he is my son and is 37 years old. He is not in Texas; he is in Central America. We have a letter from him and he wrote us what he was doing in Central America. He is employed down there.'' This was a sufficient predicate to admit the testimony. Whorton v. State, 152 S. W. Rep., 1082.

The court gave the following charge on reasonable doubt; ''The defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and in case you have a reasonable doubt as to defendant's guilt, you will acquit him and say by your verdict 'not guilty.' '' This definition is in accordance with Article 765 of the Code of Criminal Procedure, and it has always been held that this charge needs no amplification or explanation. (Thompson v. State, 37 Texas Crim. Rep., 227; Hurley v. State, 35 Texas Crim. Rep., 382.) The court did not err in refusing the special charge seeking to have a difinition of ''reasonable doubt'' given.

As shown by the testimony copied in the opinion on the former appeal, the issue of manslaughter was not raised by the testimony, therefore, the court did not err in refusing the special charge relating to manslaughter, the evidence on this trial being the same in substance as that adduced on the former trial.

The fifth special charge was not applicable to the facts in this case, and the other special charges requested were, insofar as they presented the law, given in the court's main charge.

There was no error in the court permitting witnesses to testify as to the relative size of appellant and deceased and their respective ages. The testimony, as a whole, made this a material issue.

The evidence fully sustains the verdict, and every issue made by the testimony was fairly submitted to the jury in the court's charge.

The judgment is affirmed.

*Affirmed.*