## LEONA BENNETT v. THE STATE.

### No. 6745.   Decided March 15, 1922.

### Rehearing Denied April 5, 1922.

1.—Keeping House of Prostitution—Recognizance—Misdemeanor—Form.

Where upon examination of the form of recognizance required by article 919, C. C. P., in cases of misdemeanor, the fact is revealed that the recognizance in the instant case is in the exact language of that appearing in the amended law, the motion to strike out on account of insufficient recognizance is overruled.

2.—Same—Caption of Transcript—Practice on Appeal.

Where, on account of the lack of the definiteness of the caption, the motion to dismiss by the State was sustained, yet upon a correct and certified caption, the case is heard upon its merits.

3.—Same—Requested Charge—Bill of Exceptions—Sufficiency of the Evidence

Where neither of the special charges presented reversible error, because not in proper form and not applicable to the issues of the case, the same were correctly refused; besides, this court has held that a conviction may be sustained where but one prostitute resides in the alleged disorderly house.   Following Ramey v. State, 39 Texas Crim. Rep., 200.

4.—Same—Bills of Exception—Reputation of House—Bawdyhouse.

Upon trial of keeping a house of prostitution, there was no error in admitting testimony that the said house bore the reputation of a bawdyhouse.

5.—Same—Evidence—Bawdyhouse—Acts of Defendant.

That defendant made no denial that her house was a bawdyhouse, when so informed by the health officer, was admissible against her, following La-Grone v. State, 61 Texas Crim. Rep., 170, and other cases.

6.—Same—Defendant as a Witness—Cross—Examination.

Upon trial of keeping a house of prostitution, there was no error in asking the defendant upon cross-examination if she did not know that men came to her house for the purpose of staying with women, etc.

7.—Same—Sufficiency of the Evidence.

Where, upon trial of keeping a house of prostitution, the evidence sustained the conviction, there was no reversible error.

Appeal from the Criminal District Court of Bowie.   Tried below before the Honorable P. A. Turner.

Appeal from a conviction of keeping a house of prostitution; penalty, a fine of $200, and twenty days in jail.

The opinion states the case.

*Hamiter & Dickson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Bowie County of the offense of keeping a house of prostitution, and her punishment fixed at a fine of $200 and twenty days in the county jail.

The State moves to dismiss the appeal for two reasons, one because of a defective caption, and the other because of a defective recognizance. The ground upon which the State bases its contention that the recognizance herein is defective is that in reciting the court before which the appellant should make her appearance from day to day and term to term, the recognizance uses the language "this court." It is contended that the recognizance should name the court before which appellant was bound to appear. This was the rule prior to the adoption of Articles 903 and 919, Vernon's C. C. P. In each of said named articles, however, the Legislature has seen fit to lay down the exact form for a recognizance upon appeal in felony and misdemeanor cases respectively. An examination of the form of recognizance required by Article 919 in cases of misdemeanor, reveals the fact that it is in the exact language of the recognizance appearing in the record in the instant case. An examination of the authorities cited by the State in its motion discloses that they are cases in which the punishment affixed by the judgment, is not named in the recognizance. We would not feel ourselves justified in adding to the requirements of a recognizance which is expressly made sufficient by legislative enactment.

The other ground of the State's motion to dismiss appears to be well taken. We are not informed by the caption of the transcript herein as to the length of the trial term of the court below, nor of the ending of said term, and hence it is impossible to decide whether the statement of facts and bills of exception appearing in the record, are filed within the time required by law. Because of the lack of definiteness of said caption same is insufficient, and motion of the State as based on this ground will be granted and the appeal will be dismissed.

*Dismissed.*

### ON MOTION TO RE-INSTATE APPEAL.

### April 5, 1922.

LATTIMORE, JUDGE.—This case was dismissed at a former day of this term because of a defective caption to the transcript, but appellant now presents a certified and corrected caption, and the dismissal will be set aside and the case considered and decided upon its merits. We find no brief on file for appellant.

The refusal of three special charges is presented as erroneous in the first three bills of exception. Neither exhibits any error. One of said charges asked a peremptory instruction of not guilty, which was properly refused. Another asked that the jury be told that a reasonable doubt is such doubt as would govern one in deciding a matter in the more serious affairs of life. We do not think it necessary to change the well recognized rules of law relating to instructions upon the question of reasonable doubt. Branch Ann. P. C., pp. 4-5. The other of said charge sought to have the jury told that there could be no conviction unless other women resorted to or resided in the house charged as a disorderly house, and that evidence of guilt based solely on the general reputation of said house was not sufficient. Neither of said propositions was appropriate to the evidence in the instant case. This court has held that a conviction may be sustained where but one prostitute resided in the alleged disorderly house. Ramey v. State, 39 Texas Crim. Rep. 200. In the instant case the proof showed that other women occupied the alleged disorderly house, besides appellant, and that general reputation of said house was and had been for a long time, that of a bawdy house. The record contains the testimony of various persons who visited the place, and of conversations had by them with appellant, from which the irresistible conclusion appears that said house was of the character assigned to it. Appellant testified in her own behalf, and one cannot read her testimony without being also strengthened in said conclusion.

Several bills of exception were reserved to the testimony of different people to the fact that said house in question bore the reputation of a bawdy house. Such testimony was competent. Vernon's C. C. P., p. 245; Branch's Ann. P. C., Sec. 1069 for authorities.

That appellant made no denial of such fact when informed by the health officer of the city of Texarkana that he had a report showing her house to be a bawdy house, would seem to be provable against her. Moore v. State, 15 Texas Crim. App. 18; Holden v. State, 18 Texas Crim. App. 106; Farris v. State, 56 Texas Crim. Rep. 336; LaGrone v. State, 61 Texas Crim. Rep. 170.

Complaint is made by several bills of exception of questions asked appellant when on the witness stand testifying in her own behalf. We find nothing in any of said bills presenting error. When one accused of crime becomes a witness in his own behalf he occupies the same attitude as any other witness and may be cross-examined, and may be asked questions calling for evidence of his guilt in the case on trial, and we think it perfectly legitimate to ask appellant on such cross-examination if she did not know that men came to her house for the purpose of staying with women, and if she had not seen such men go into rooms with girls, and if she did not know their purpose in such action was carnal intercouse.

There is nothing in the record which would make a recital of its

facts either enlightening or interesting because of the statements of the witness or the facts set forth and we forego any narration of the testimony.

The judgment is affirmed.

*Affirmed.*