MANUEL SAGU v. THE STATE.

No. 7107.   Decided December 20, 1922.

Rehearing Denied March 27, 1923.

**1.—Murder—Evidence—Practice in Trial Court—Motive.**

Upon trial of murder there was no error in permitting the State to prove the acts and conduct of various passengers on the same train with defendant at the point where the killing took place. When there appears a homicide without apparently sufficient reason, it is proper to allow reasonable lattitude in exploring evidence otherwise immaterial, if it appears to bear on the question of motive.

**2.—Same—Bill of Exceptions—Evidence—Res Gestae—Other Offenses.**

The acts and conduct of defendant at the time of the killing were part of the res gestae, and this court has never objected to such evidence, because of the fact, simply that it involves proof of another crime.

**3.—Same—Requested Charges—Insanity—Burden of Proof.**

The burden of proving insanity as a defense to crime is on the accused, and under no authority known to the court is it the rule that the testimony must show sanity beyond a reasonable doubt, and a requested charge to this effect was properly refused. Following Massey v. State, 1 Texas Crim. App., 570, and other cases.

**4.—Same—Sufficiency of the Evidence—Death Penalty.**

Where, upon trial of murder and a conviction of that offense inflicting the death penalty, the verdict was sufficiently supported by the evidence, there was no reversible error.

**5.—Same—Rehearing—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of murder, the court in instructing the jury on the law of insanity following approved precedent, and the evidence supported the finding of the jury, that the appellant at the time of the commission of the offense was sane, the conviction is sustained, and the motion for rehearing is overruled.

Appeal from the Criminal District Court of Williamson.   Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*J. F. Taulbee,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Williamson County of murder, and his punishment fixed at death.

It is made to appear from the record that appellant was a passenger on a south-bound M. K. & T. train and that between Bartlett and Granger in Williamson County he cut the throat of a Mr. Wofford, causing his death, and that at or about the same time he also inflicted serious injuries upon two other passengers on said train. It further appears that immediately afterwards appellant made his escape from the rear of said train, and that he was found hidden by parties searching for him and was arrested. The only defense made on his behalf on this trial was that of insanity. An examination of the testimony of the witnesses indicates that most of said witnesses testified that in their opinion appellant was sane. None of the witnesses testified that appellant did not know right from wrong, nor that he did not know it was wrong to kill a man. It is also made to appear from the deposition of the Mexican Consul at Kansas City, Missouri, which deposition was taken on behalf of appellant, that appellant applied to him for a passport to go to a point in the Republic of Mexico. In said deposition appears the statement made by said consul that appellant stated to him that he could not understand why people looked at him insistently on board the trains with much curiosity. The said Consul further testified that this led him to believe that appellant was eccentric, although his aspect was that of a perfectly normal person. He answered in a perfectly lucid manner the interrogatories propounded to him as a basis for his passport. He complained of passengers on the train on which he had come to Kansas City having looked at him strangely.

Appellant's first bill of exceptions complains of the action of the trial court in permitting the State to prove the acts and conduct of various American passengers on the same train with appellant between Hillsboro, Texas, and the point where the killing took place. We have examined the testimony complained of and are of opinion that no error was committed in the acceptance of same. The substance of said testimony was that various passengers would come to the coach in which appellant was located and would look around and go back into the front coach, also that people sitting in the neighborhood of appellant on the train would get up and move their seats to other places. It was shown in this connection that at the time appellant cut and killed Mr. Wofford he said someshing about you s-ns-of-b-hes. We think this testimony admissible as suggesting a motive on the part of appellant. It plainly appears from the testimony of Mr. Morales, 'the Consul above mentioned, that appellant resented the curious inspection of him by other people and that he took umbrage at the acts and conduct of people on the trains. When there appears a homicide without apparently sufficient reason therefor, we deem it proper to allow reasonable latitude in exploring evidence otherwise immaterial

if it appears to bear upon the question of motive. In our opinion the testimony admitted by the court does have this effect, and taken in conjunction with appellant's attitude toward such conduct, as reflected by the deposition of Mr. Morales, is entitled to weight in suggesting a motive. This is particularly true in view of the fact that appellant claims that his action was the result of an unbalanced mind and that no other cause led to the homicide.

Bill of exceptions No. 2 complains of proof of the fact that at once after killing Mr. Wofford, appellant cut some other parties. The acts and conduct of appellant at the time of the killing were part of the res gestae of the homicide charged and this court has never rejected such evidence because of the fact simply that it involved proof of another crime. The proposition is well settled.

Appellant complains in another bill of exceptions of the refusal of a special charge which requires the jury to believe beyond a reasonable doubt that he was sane at the time the homicide was committed, before a conviction could be had. This is the reverse of the rule in this State. The burden of proving insanity as a defense to crime is on the accused, and under no authority known to us is it the rule that the testimony must show sanity beyond a reasonable doubt. Many cases will be found cited by Mr. Branch in his Annotated P. C., Sec. 38, in consonance with this view. The court charged the law of reasonable doubt and the presumption of innocence in the usual terms. Appellant offered a special charge deviating from the customary form which was refused. We find no error in such action. The decisions of this court have repeatedly suggested the hazard of attempting to present such issues in terms variant from those well understood and approved. Massey v. State, 1 Texas Crim. App., 570; Fury v. State, 8 Texas Crim. App., 472; Schultze v. State, 20 Texas Crim. App., 315; Johnson v. State, 23 Texas Crim. App., 163; Abram v. State, 36 Texas Crim. Rep., 44.

The special charge, refusal of which is made the subject of bill of exceptions No. 5, sought to shift the burden of proof on a phase of insanity. Paragraph 8 of the court's charge as given seems to present fully and correctly the law applicable under the rules announced in this State, when the defense of insanity is set up. We find no error in the refusal of said special charge.

We have carefully examined the testimony in this case. Appellant has been confined in jail for many months and his conduct, speech and demeanor during that time have been closely observed. Physicians of experience have examined him and testified on the trial. None of them testified apparently to their belief in the fact that he was insane. Such belief, however, is suggested and affirmative answers upon the question of mental unsoundness given, upon the statement of hypothetical questions to such witnesses. Stating it most strongly for the appellant, the testimony upon the issue of insanity was conflicting. It was fully and fairly submitted to the jury by the trial court, and we

are unable to agree to the proposition that the decision of the jury against appellant is without support in the record.

Finding no error in the record, and believing that appellant has received a fair and impartial trial, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 7, 1923.

MORROW, PRESIDING JUDGE.—The court in instructing the jury on the law of insanity followed the charge suggested by Judge Willson in his Criminal Forms, which has received the approval of this court on many occasions. See Clark v. State, 8 Texas Crim. App., 350; Giebel v. State, 28 Texas Crim. App., 151; Branch's Ann. Tex. P. C., Sec. 37, and cases collated.

The court also instructed the jury that if they found from the evidence that appellant was insane at the time the act was committed, they would acquit him, and also gave the following charge:

"In all criminal cases the burden of proof is on the State. The defendant is presumed to be innocent until his guilt is established by legal evidence, beyond a reasonable doubt; and in case you have reasonable doubt as to the defendant's guilt you will acquit him, and say by your verdict 'not guilty.' "

Appellant requested a charge in these words:

"In this case, if you find from the evidence, beyond a reasonable doubt, that this defendant committed the offense charged in the indictment, as defined in the main charge; *if the testimony satisfies you, beyond a reasonable doubt, of his guilt, and that he was not insane at the time, it will be your duty to convict him;* but if there is a reasonable doubt in your minds as to his sanity arising on the evidence in this case, and upon nothing but the evidence in this case, it will be your duty to give the defendant the benefit of the doubt and acquit him."

In the part of the special charge which is italicized, appellant apparently seeks a reversal of the rule touching the burden of proof in insanity cases which has long prevailed in this State, namely, that the burden is not upon the State to prove sanity beyond a reasonable doubt but is upon the accused to prove insanity by a preponderance of the evidence. The view for which appellant contends was taken by Presiding Judge Hurt in his dissenting opinion in the cases of Webb v. State, (9 Texas Crim. App., 491) and King v. State, (9 Texas Crim. App., 516.) The majority of the court took the opposite position, with which the ruling of the learned trial judge in the instant case accords. The question is no longer an open one. The majority opinions in the cases of Webb and King, supra, have been uniformly followed. See Burt v. State, 38 Texas Crim. Rep., 440; Branch's Ann. Tex. P. C., Sec. 38; Rose's Notes on Tex. Rep., (1910 Ed.) Vol. 5, pp. 156-157.

The issue of insanity was submitted to the jury upon conflicting evidence. The enormity of the crime and the apparent absence of ade-

quate motive for its commission are matters that may be taken into consideration by the jury but are not conclusive against the State upon the issue of insanity. See Apolinar v. State, 92 Texas Crim. Rep., 583, 244 S. W. Rep., 813; Toussaint v. State, 92 Texas Crim. Rep., 374, 244 S. W. Rep., 514.

As indicated in the original opinion, the evidence supports the finding of the jury that the appellant, at the time of the commission of the offense, was sane. This being true, the verdict is binding upon this court in the absence of error in the trial court. No error has been pointed out or discovered; no choice is left other than to affirm the judgment.

The motion for rehearing is overruled.

*Overruled.*