LOUIS GALLEGOS V. STATE.

No. 24082. October 6, 1948.
Rehearing Denied December 15, 1948.

Hon. Howard P. Green, Judge Presiding.

*Tom Cheatham,* of Cuero, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an assault with intent to murder on Valente Garza, and assessed a penalty of ten years in the state penitentiary.

The testimony is confusing to some extent and difficult to understand in its entirety due, perhaps, to the fact that practically all the witnesses were of Mexican descent and testified by means of an interpreter. We do think, however, that it is

reasonably clear that on the evening of December 21, 1946, several Mexicans were drinking beer at different "saloons" in Yorktown. Eventually, one Benito Gonzales, came to Alfredo Perez's saloon, where he found appellant and his brother, Leon Gallegos, sometimes called "Chino", playing a game of pool. Gonzales challenged Chino to a game of pool, and after some conversation between them, Gonzales took offense at an insulting remark made to him by Leon, and struck Leon with his fist. Leon started to strike Gonzales with a billiard cue, which was wrested from him. Leon then produced his knife and went to cutting at Gonzales, who struck Leon over the head with the cue. Valente Garza and his two brothers had come into Perez's place prior thereto, but had not engaged in any difficulty. Appellant came to the assistance of his brother, Leon. Valente Garza, who claimed to be doing nothing at such time but attempting to stop the fight, was cut by appellant, once under the left arm and once in the back, by means of a knife with a four-inch blade. This was a dangerous wound under the arm, penetrating the body cavity, resulting in the loss of much blood, and the eventual amputation of the arm.

There were other cuttings and injuries suffered in this encounter, but, according to all the testimony, appellant was the one who cut Valente Garza.

There are many bills of exception in the record. Bill No. 1 complains of the trial court's refusal to place appellant's brother, Leon, on trial for an indictment charging an assault upon the same Garza at the same time and place; and again, requesting that said Leon be secondly placed on trial for an assault upon another person; and further, that he be placed on trial for a third assault upon a third party at such time and place in order that he might be an acceptable witness for appellant. Undoubtedly Leon seems to have gone berserk and in his rage possibly cut some other parties in this melee, and the State met such motion for a severance with a dismissal of the assault case against Leon relative to Valente Garza, thus leaving Leon free to testify herein in the event his testimony was desired. We think such procedure was correct.

Bill of Exception No. 2 complains of the action of the trial court in allowing the State to produce the testimony of certain witnesses after the appellant had placed his witnesses on the stand, his contention being that the testimony of such State's witnesses was not in rebuttal of the defense testimony. This is a matter left largely in the discretion of the court and does not savor of any error as herein shown. See Art. 643, C. C. P.

Bill No. 3 complains of certain remarks of Mr. Hartman, a private prosecutor. We think the remarks were justified and deducible from the testimony.

Bill No. 4 complains of the action of the district attorney in referring to the failure of appellant's brother, Leon, to testify in this case, he being present in court. A portion of this bill was not approved by the court, but we gather therefrom that eventually Mr. Martin, the district attorney, said that while Leon could not be compelled to testify because he was not under indictment in this particular case although the indictments in two other separate cases were pending, still he could testify if he so desired. The fact that the indictment against Leon for an assault upon Valente Garza had been dismissed, we see no reason to think that such remarks were in error.

We see no merit in Bill No. 5 which relates to certain argument concerning the knife used by appellant.

Bill No. 6 relates to a conversation purportedly had with two witnesses by appellant a short time prior to this cutting, wherein they stated that he showed them a knife similar to the the one acknowledged to have been used by him in cutting Valente Garza, and told these witnesses that he had same for his own protection. We think this testimony was admissible on more than one ground.

Bill No. 8 pertains to the same subject matter as Bill No. 5, but as qualified by the court, no error is shown therein.

Bill No. 9 complains of the charge of the court in that nowhere therein does the same define the word "intent" as used therein. This is a word of such common and generally accepted meaning that no necessity should exist for a further definition thereof. The trial court in this case told the jury that unless they found that appellant assaulted Garza with the specific intent then and there to kill the said Garza, they should acquit him of an assault with intent to commit murder.

Bill No. 10 complains because of the fact that the trial court's charge defined "apparent danger" and "real danger", but appellant also requested the court to define "actual danger" as well. We are of the opinion that actual danger is embraced in the phrase "real danger", and under the circumstances shown, it was not necessary to define the phrase "actual danger".

Bill No. 11 complains because the trial court failed to define the term "reasonable doubt" in his charge to the jury. We think such definition was not necessary, same being words of commonly accepted meaning and well understood by everyone.

The further bills of exception herein are argumentative and seem to have been disapproved by the court. They relate to appellant's expressed dissatisfaction with the trial court's charge setting forth the law of the case as applied to the facts. The charge was an intricate one and made to depend to a large extent, in so far as the appellant's defense is concerned, on an attack made by Gonzales upon appellant's brother, Leon, and appellant's right to go to Leon's assistance, whereupon appellant's right to defend his brother depended upon appellant's belief in the danger, real or apparent, of his brother, as well as appellant's right to defend himself against a further claimed attack upon appellant by Valente Garza. Again, the court charged the jury that if appellant reasonably believed that Gonzales was about to attack or was attacking his brother, Leon, and Garza joined in such attack, he had a right to go to his brother's defense; and again, the careful trial court charged the jury that if it reasonably appeared to appellant that Gonzales was about to attack or was attacking him and that Garza joined Gonzales in said attack, then appellant had the right of self-defense against such attack by Garza. The opinion is expressed that the charge is carefully drawn and comprehends every conceivable defense to which the facts entitle appellant, and we see no reason in writing on each and every bill relative to such charge.

From what has been said, we are convinced that no error is shown herein, and the judgment is accordingly affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Considered as a whole, the charge of the court reflects that the defensive issues submitted were (a) appellant's right to defend against the deadly attack of the injured party, Valente Garza, (b) appellant's right to defend against the joint and several deadly attack of Gonzales and the injured party, (c) appellant's right to defend against the joint and several attack less than deadly of Gonzales and the injured party, and (d) appellant's right to act in defense of his brother Leon, against the joint and several unlawful attack of Gonzales and the injured party.

Looking to the facts, especially those shown by the testimony of the appellant, we remain convinced that appellant was accorded a full presentation of his defensive issues. The bills of exception complaining of the refusal of certain special requested charges fail to point out or request instructions upon matters not contained in the court's charge.

Appellant complains because the trial court did not respond to his request to have the jury instructed upon his right to have in his possession the knife with which the assault by him was alleged to have been committed and that the fact that he was so armed with the knife was not material.

The trial court placed no limitation upon appellant's right of self-defense by a charge on provoking the difficulty, or otherwise, and, therefore, such a charge was properly refused. Branch's P. C., Sec. 1950; Thornton v. State, 65 S. W. 1105-8. Moreover, the knife used was not shown to be such a weapon the carrying of which is unlawful.

Believing a correct conclusion was reached originally, the motion for rehearing is overruled.

Opinon approved by the Court.