R. L. PIERCE V. STATE.

No. 26,879. March 10, 1954.

*Marvin F. London* and *Joe H. Cleveland,* Bowie, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 10 days in jail.

City Marshal Goldsmith testified that on the day in question, in company with Officer King, he met a pickup truck being driven at a fast rate of speed and that it was "wobbling on the highway," that they turned the police automobile around and overtook the appellant and placed him under arrest. The marshal testified that the appellant was "very thick tongued," had to be supported when he walked, bore the smell of whiskey on his breath, and was, in his opinion, intoxicated.

Officer King testified that when he first saw the pickup it was traveling at a high rate of speed "on first one side of the road and then on the other," that he searched the appellant and found a half-pint of whiskey in his pocket, that he had to hold the appellant to keep him from falling in the bar-ditch, and expressed the opinion that the appellant was intoxicated.

Deputy Sheriff Welch testified that when appellant was brought to the jail he talked like a man under the influence of intoxicants.

Appellant's wife testified in his behalf that he had drunk nothing intoxicating during the day prior to the time of his arrest and told of a quarrel appellant had had with his daughter.

Mr. Oxford testified that he had visited in appellant's home shortly before his arrest and that appellant was not drinking and was not intoxicated.

Appellant, testifying in his own behalf, denied that he had been drinking on the day in question and blamed his daughter for having him arrested. He stated that he had been taking medicine on the day of his arrest, but he does not say that the medicine had any effect on him other than it made him feel better.

The jury resolved the disputed issue of the appellant's intoxication against him, and we find the evidence sufficient to support the verdict.

Appellant objected to the court's charge because it failed to define "reasonable doubt." It is not necessary to define such term. Gallegos v. State, 152 Tex. Cr. Rep. 508, 215 S. W. 2d 344.

Appellant further complains that the court's charge defined "intoxicated" and "under the influence of intoxicating liquor."

These terms need not be defined, but it is not error for the court to do so if the definition which he gives is a proper one. Grooms v. State, 156 Tex. Cr. Rep. 504, 244 S. W. 2d 229, and Kimbro v. State, 157 Tex. Cr. Rep. 438, 249 S. W. 2d 919.

Appellant requested a charge to acquit if the jury found appellant's condition to be the result of his having taken medicine. This same charge was requested and held, under the same state of facts, properly refused in Shaffer v. State, 156 Tex. Cr. Rep. 429, 243 S. W. 2d 163.

Appellant moved to quash the jury panel because the jury commissioners were not appointed during the first week of July. The motion itself bears no notation showing that it was ever presented to the court or that he acted upon it. In order to be properly considered, any evidence adduced upon this motion must be in a separate statement of facts. Section 6, Article 759a, V.A.C.C.P. On the first page of the statement of facts we find the notation, "Defendant's Bill of Exception"; this is followed by the names of four witnesses and the pages on which their testimony begins. There are no objections noted on the pages which are numbered. We cannot consider these as bills of exception to all of the witnesses' testimony.

The judgment is reformed to adjudge the appellant guilty of operating a motor vehicle upon a public highway while intoxicated and, as reformed, is affirmed.