OTHA MCCRACKEN V. STATE.

No. 31,257. January 6, 1960.

*Sanders & Stanford,* Canton, for appellant.

*J. S. Grisham,* County and District Attorney, Canton, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of $50.

From her farm home located about 25 feet from a public road Mrs. Ozell Martin saw an automobile traveling on said road at a high rate of speed, heard tires scream, and then saw the automobile turn completely over and stop with its front in the ditch and the rear toward the pavement. She testified that she went to the scene within five or ten minutes, that the appellant was under the car but got out, entered the car and started the motor and began "rocking it" back and forth trying to get it out of the ditch.

Mrs. Martin while testifying identified the appellant as the only person she saw when she arrived at the scene. She further testified that on several previous occasions she had seen appellant driving the same automobile which she saw turn over near her house.

Two officers testified that when they arrived at the scene the appellant was in the car with the motor accelerated, rocking it to and fro, trying to get it out of the ditch.

The testimony further shows that the appellant at the time

in question had the odor of alcohol on his breath and was intoxicated.

Appellant did not testify or offer any testimony in his behalf.

Appellant contends that the trial court erred in refusing to give his requested charges that, if the jury believed that he did not operate a motor vehicle upon a public highway at the time and place in question, or, if they had a reasonable doubt thereof, then to find him not guilty; and, if they found that he was not under the influence of intoxicating liquor at the time and place in question, or, if they had a reasonable doubt thereof, then to find him not guilty.

The court applied the law to the facts in submitting the state's case in the charge but did not present the converse. The charge was also erroneous in that there was no application of the law of reasonable doubt to the charge as a whole or to any phase of the case.

Art. 705 C.C.P., provides as follows:

"The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, *and in case of reasonable doubt as to his guilt he is entitled to be acquitted.*"

The requested charges were sufficient to direct the trial court's attention to its failure to apply the law of reasonable doubt in submitting the case to the jury. Art. 659, V.A.C.C.P., Rodriquez v. State, 162 Texas Cr. Rep. 332, 285 S.W. 2d 757. Such failure in view of the record deprived the appellant of a valuable right conferred by statute and was prejudicial and calls for a reversal. 24-A Texas Juris., 751, sec. 134; Walker v. State, 146 Texas Cr. Rep. 321, 174 S.W. 2d 974.

Other contentions urged as error need not be considered as they will not likely occur in the event of another trial.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.