Robert Dale YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 64048.

Court of Criminal Appeals of Texas, En Banc.

April 6, 1983.

William R. McKinney, Jr. and Ebelardo Lopez, Amarillo, for appellant.

Dale Paul Summa, County Atty., Stratford, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for driving while intoxicated. Punishment was assessed at 21 days in jail and a $400 fine.

In his third ground of error appellant contends reversible error occurred when the trial court overruled his objection to the charge for submitting an improper definition of reasonable doubt. At trial appellant made the following objection:

"In paragraph two of the Court's Charge on page two, the Court attempts to charge the Jury by saying, 'if after a fair and impartial consideration of all of the evidence or lack of evidence, you can honestly say that you do not have an abiding belief as to the Defendant's guilt, then you have a reasonable doubt and it is your duty to acquit.' Article 38.03 of the Texas Code of Criminal Procedure does not define reasonable doubt in terms of an abiding belief, or what a juror may or may not honestly say, and it's an improper instruction to instruct a Juror that he has to have an honest belief or an abiding belief."

The paragraph of the charge to which this objection was made instructed the jury:

"If after a fair and impartial consideration of all of the evidence or lack of evidence you can honestly say that you do not have an abiding belief as to the defendant's guilt, then you have a reasonable doubt, and it is your duty to acquit. On the other hand, if after a fair and impartial consideration of all the evidence you can honestly say that you do have an abiding belief as to a defendant's guilt, then you have no reasonable doubt and it is your duty to convict."

In *State v. Addington,* 588 S.W.2d 569 (Tex.1979), the Court wrote:

"Clear and convincing evidence is defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. This is an intermediate standard, falling between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings."

Submission to the jury in this case of an instruction that an "abiding belief" in appellant's guilt would require a guilty verdict, was tantamount to authorization of a conviction on less than proof beyond a reasonable doubt. That higher burden of proof is constitutionally required. See *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The objection should have been sustained.

The judgment is reversed and the cause remanded.

ONION, Presiding Judge, concurring.

I concur in the reversal for the inclusion of an improper definition of reasonable doubt to which the appellant properly objected.

The term "reasonable doubt" is not normally defined in a Texas criminal case. A host of cases hold that it should not be defined. See, e.g., *Massey v. State,* 1 Tex. App. 563, 570 (1877); *Fury v. State,* 8 Tex. App. 471 (1880); *McPhail v. State,* 9 Tex. App. 164 (1880); *Cohea v. State,* 9 Tex.App. 173 (1880); *Schultz v. State,* 20 Tex.App. 315 (1886); *Johnson v. State,* 27 Tex.App. 163, 11 S.W. 106 (1889); *Lenert v. State,* 63 S.W. 563 (Tex.Cr.App.1901); *Holmes v. State,* 68 Tex.Cr.R. 17, 150 S.W. 926 (Tex.Cr.App.1912); *Sanchez v. State,* 69 Tex.Cr.R. 1134, 153 S.W. 1133 (Tex.Cr.App.1913); *Marshall v. State,* 76 Tex.Cr.R. 386, 175 S.W. 154 (Tex.Cr.App.1915); *Bennett v. State,* 91 Tex.Cr.R. 422, 239 S.W. 951 (Tex.Cr.App.1922); *Sagu v. State,* 94 Tex.Cr.R. 14, 248 S.W. 390 (Tex.Cr.App.1923); *Gallegos v. State,* 152 Tex.Cr.R. 508, 215 S.W.2d 344 (Tex.Cr.App.1948); *Pierce v. State,* 159 Tex.Cr.R. 504, 265 S.W.2d 601 (Tex.Cr.App. 1954); *Pigg v. State,* 162 Tex.Cr.R. 521, 287 S.W.2d 673 (Tex.Cr.App.1956). Cf. *Whitson v. State,* 495 S.W.2d 944 (Tex.Cr.App.1973). Thus in Texas only a nondefinitional charge on "reasonable doubt" is normally given in a criminal case.

While a charge defining reasonable doubt may pass muster, this court does not con-

done the giving of such a charge. Since this is a published opinion, I believe this court should once again call this to the attention of the judges of this state and warn of the dangers inherent in attempting to define reasonable doubt.

I concur.

1. Pursuant to Rule 312 of the Rules of the Court of Criminal Appeals, effective September 1, 1981, I was originally assigned this case for initial study, drafting of opinion and reporting to the en banc conference.

2. Appellant was convicted by a jury of the offense of driving while intoxicated. The trial judge assessed punishment at twenty-one days confinement in the county jail plus a $400 fine.

In his third ground of error, appellant contends the trial court committed reversible error by including in the charge to the jury an elaborate definition of reasonable doubt. Appellant's counsel timely lodged two specific objections to the court's charge germane to the reasonable doubt definition. Both were overruled.

Appellant first objected to the inclusion of *any* definition of reasonable doubt in the court's charge as a violation of V.A.C.C.P., Article 38.03. The long-standing practice in Texas has been to prohibit or, at least, heavily discourage such a jury instruction. This prohibition is based on the two-fold premise that the term reasonable doubt is well understood by men of common sense and further that it is difficult to use words better understood to define its meaning than the term itself. *Massey v. State*, 1 Tex.App. 563 (Ct.Cr.App.1877). No serious reevaluation of this premise has taken place in Texas in modern times even though a consensus has emerged outside of Texas that the term reasonable doubt, standing alone, is perhaps not well understood by jurors and that there are words that can be used to better define the term reasonable doubt than the term itself. This consensus is best exemplified by the federal court system, which uses a "hesitate to act" definition of reasonable doubt in ten of the eleven federal circuits. See my concurring and dissenting opinion in *Hankins v. State*, 646 S.W.2d 191 (Tex.Cr.App.1981). This definition has been further sanctioned by the United States Supreme Court for almost thirty years. See *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). It would seem, therefore, that some reevaluation of our judicially created rule prohibiting the defining of reasonable doubt to a jury is timely.

The concept of trial by jury of one's peers is fundamental to our system of judicial process as stated in the United States Constitution, Amendment VI, and Texas Constitution, Article I, § 10. Equally fundamental is the concept that we, as jurists, must guide the jury along their decision-making process with appropriate

MILLER, Judge, dissenting.

So that the bench and bar will understand the full impact of this decision, I set out my proposed[1] but rejected opinion in footnote.[2] This opinion addressed appellant's *other* objection to the court's charge concerning the inclusion of a "hesitate to

instructions contained in the court's charge to the jury. See V.A.C.C.P., Articles 36.14 through 36.18. What may have been adequate instruction and guidance 100 years ago may not necessarily be so today. In fact, the evils of defining reasonable doubt feared in the *Massey* line of cases have not surfaced in the thirty plus years that the federal courts have been using the "hesitate to act" definition. Such a definition actually has all of the appearances of being a very helpful guide to juries.

We have long defined "preponderance of the evidence" and "clear and convincing evidence" to juries. In doing so, we have rejected the idea that those terms are, by themselves, well understood by jurors. For the same reasons we should reject the notion that the burden of proof of "beyond a reasonable doubt", by itself, is well understood by jurors. Since the "hesitate to act" definition of reasonable doubt has already aided thousands of juries to better understand the term "reasonable doubt" than the term itself, we should sanction its use under a substantial compliance standard in the court's charge to the jury, where the trial judge, in his discretion, decides to include it. Adopting this definition under a substantial compliance standard would lend the added advantage of *stare decisis* under federal decisions which would be of tremendous advantage to both the bench and bar in phraseology of the instruction. The appellate holdings of the ten aforementioned federal circuits appear to be in harmony. See examples of substantial compliance in concurring and dissenting opinion in *Hankins,* supra.

In this case, the trial court judge, in his first of two paragraphs defining reasonable doubt, adequately defined the term under the "hesitate to act" definition. The trial court correctly overruled appellant's objection to the inclusion of *any* definition of reasonable doubt in the court's charge.

Appellant's second objection to the court's charge dealt with the entirety of the second paragraph of the trial judge's purported definition of reasonable doubt. That paragraph read as follows:

"If after a fair and impartial consideration of all of the evidence you can honestly say that you do not have an abiding belief as to the defendant's guilt, then you have a reasonable doubt and it is your duty to acquit. On the other hand, if after a fair and impartial consideration of all of the evidence you can

act" definition of reasonable doubt in a separate paragraph. The majority opinion differs from the proposed opinion only in that it deletes the holding that the trial judge did not abuse his discretion in giving, over proper objection, a definition of reasonable doubt that was in substantial compliance with the "hesitate to act" definition. Let there be no misunderstanding; this Court today continues to refuse to sanction a reasonable doubt definition even under an abuse of discretion standard.

The majority really refuses to sanction the "hesitate to act" definition of reasonable doubt because of a worry over "confusing" juries. On the contrary, this definition of reasonable doubt, as opposed to others such as "abiding belief to a moral certainty," [3] does give an individual juror a measureable standard that can be used subjectively and therein lies its beauty. The key to this definition is that it tells a juror that if he is as sure that the defendant is guilty as he would be about doing something really important in his life, then he is convinced beyond a reasonable doubt as the law requires. The majority, in believing that this definition confuses jurors, seriously underestimates and perhaps insults the intelligence of the average Texas juror.

A non-definitional reasonable doubt standard forces a juror to first guess at what a reasonable doubt, as contemplated by the law, is, and then, if he can ascertain a definition, he must decide if he has such a doubt. The overwhelming majority of federal and state courts have long since abandoned the practice of forcing the jurors to engage in this type of guess work. At the very least we should give the trial judges of this state permission to follow suit should they, in their discretion, decide to do so.

The issue of the propriety of the "hesitate to act" definition of reasonable doubt was squarely before this Court in this case. Because of the majority's privately emphatic

---

honestly say that you do have an abiding belief as to a defendant's guilt, then you have no reasonable doubt and it is your duty to convict."
Appellant's objection in its entirety was:
"In paragraph two of the Court's Charge on page two, the Court attempts to charge the jury by saying, 'if after a fair and impartial consideration of all of the evidence or lack of evidence, you can honestly say that you do not have an abiding belief as to the Defendant's guilt, then you have a reasonable doubt and it is your duty to acquit.' Article 38.03 of the Texas Code of Criminal Procedure does not define reasonable doubt in terms of an abiding belief, or what a Juror may or may not honestly say, and it's an improper instruction to instruct a Juror that he has to have an honest belief, or an abiding belief."
We must, therefore, ascertain whether or not this wording authorized a conviction under a lesser standard than "proof beyond a reasonable doubt" as required by Art. 38.03, V.A.C.C.P.
In 1979, under mandate from the United States Supreme Court the Texas Supreme Court adopted a "clear and convincing evidence" standard of proof in order to involuntarily commit an individual for an indefinite period to a state mental hospital. *State v. Addington,* 588 S.W.2d 569 (S.Ct.Tex.1979). This standard of proof was defined as follows:
"Clear and convincing evidence is defined as that measure or degree of proof which will produce in the mind of the trier of fact a *firm belief* or conviction as to the truth of the allegations sought to be established. This is an intermediate standard, falling between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. While the state's proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. *Addington,* supra, at 570. (Emphasis supplied)
The term "firm" and "abiding" are synonymous according to some authorities including Webster's Collegiate Thesaurus, 1976 ed., pp. 3 and 338–9. However, we need not indulge in a semantical exercise to realize that the above-quoted portion of the court's charge in this case is in substantial compliance with the "clear and convincing" burden of proof. We agree with the Texas Supreme Court that this is an intermediate standard of proof. The trial court thereby authorized a conviction on a lesser burden of proof than that required by Art. 38.03, V.A.C.C.P. *McCracken v. State,* 168 Tex.Cr.R. 565, 330 S.W.2d 613 (Tex.Cr.App. 1960).
Reading the charge as a whole (see *Pittman v. State,* 554 S.W.2d 190 (Tex.Cr.App.1977), we find that in doing so, over objection, the trial court critically injured the rights of the defendant. V.A.C.C.P., Art. 36.19.

3. See *Hankins,* supra, dissenting opinion by Presiding Judge Onion.

**6**

but publicly silent refusal to sanction this or any definition, I dissent.

CLINTON, J., concurs.