**Curtis Eugene CADE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–00653–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 30, 1990.

Kenneth W. Smith, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Winston E. Cochran, Jr., Jana K. Miller, Asst. Dist. Attys., for appellee.

### OPINION

DUGGAN, Justice.

A jury found the appellant, Curtis Eugene Cade, guilty of attempted murder, and the trial court found an enhancement allegation was true and assessed punishment at 22 years imprisonment. Cade brings seven points of error.

Cade was accused of trying to kill L.J. Williams, a dispatcher and payroll clerk for S.E.M. Temporaries, where Cade worked as a temporary laborer. At trial, Williams testified that Cade had attacked him with a knife at the end of the business day on August 3, 1988. Williams testified that Cade stabbed him six or seven times, in the chest, head, back, and elbow. Williams managed to take Cade's knife from him. Cade then fled.

Cade testified that, the day before, Williams had started an argument with him regarding Cade's request for his paycheck. He testified that it was Williams who attacked him, by striking him with his fist and then threatening him with a metal chair. Cade testified that he used his knife in self-defense, and denied that he ever intended to kill Williams.

Officer Eugene Moore of the Houston Police Department, testifying as an expert, identified Cade's knife as one capable of inflicting death or serious bodily injury.

■ Cade's fourth, fifth, and sixth points of error relate to the definition of "reasonable doubt." He complains that the State and the trial court misdefined those terms during the jury voir dire. He then argues that the jury charge was fundamentally defective for failing to define "reasonable doubt."

Cade concedes that the Court of Criminal Appeals has repeatedly disapproved attempts by trial courts to define "reasonable doubt" in a jury charge. *See, e.g., McGinty v. State,* 723 S.W.2d 719, 720–21 (Tex. Crim.App.1986); *Young v. State,* 648 S.W.2d 2, 3 (Tex.Crim.App.1983). It has been observed: "The term 'reasonable doubt' is not normally defined in a Texas criminal case. A host of cases hold that it should not be defined. Thus in Texas only a nondefinitional charge on 'reasonable doubt' is normally given in a criminal case." *Young,* 648 S.W.2d at 3 (Onion, J., concurring) (citations omitted).

We cannot accept Cade's invitation to ignore *McGinty, Young,* and the "host of cases" cited by Judge Onion. Accordingly, we overrule the sixth point of error.

■ In his fourth and fifth points of error, Cade complains that the trial court and the prosecutor each offered improper definitions of "reasonable doubt" to the jury during voir dire.

During voir dire, the trial court explained "reasonable doubt" as follows:

So, this presumption of innocence, you may say—use the comparison of the continuum, a scale of zero to one hundred. The defendant starts off, under this system of presumption of innocence, at zero.... [Y]ou start him off at zero, and then allow the State the opportunity to go ahead and start calling their witnesses, under oath, and see if, after you hear the first one, whether or not that pointer on the scale may move from zero to fifteen, as an example. And you hear the second witness. It might inch its way up to thirty. You hear a third witness. It might kick it over to fifty or fifty-five, let's say. And somewhere between fifty and one hundred is that magic area, but, yet, not a defined area, in the criminal law, where the jury will be satisfied that, beyond a reasonable doubt, the State has shown the guilt of the defendant. We do know it doesn't reach a hundred, if we stretch out our explanation a little bit further.

Cade argues that the trial court implied that the jury could convict him if more than 50%, or a mere preponderance, of the evidence showed his guilt. He also contends that the jury was invited to apply "a subjective, standardless, nonobjective" test to the evidence.

Cade also asserts that certain statements from the prosecutor's voir dire, paraphrased below, were improper:

(1) There is no legal definition of reasonable doubt, and "probably the decisions you make in your everyday life are sometimes based ... upon what you believe, beyond a reasonable doubt."

(2) Jurors should consider first, whether any doubt they may have is reasonable, and second, whether it applies to an element of the offense.

(3) The State is required only to prove the allegations of the indictment beyond a reasonable doubt. For example, conflicts in the testimony regarding the color of the accused's shirt need not create a reasonable doubt that the accused attempted murder.

(4) The "reasonable doubt" standard is not an impossible burden. Otherwise, no one who is in prison would ever have been convicted of an offense.

The prosecutor concluded her discussion of reasonable doubt by referring to the trial court's example:

The Judge's hypothetical example about the zero to one hundred is sometimes helpful, but each of you, in your mind, should determine what point you believe something beyond a reasonable doubt, and that's all we ask you to do, is use your common sense in doing that.

Cade contends that the prosecutor's comments reinforced the erroneous notion that the "reasonable doubt" test is subjective and standardless. He also complains that the prosecutor convinced the members of the venire that they were not entitled to disbelieve witnesses whose testimony regarding irrelevant matters was demonstrably incorrect.

■ Cade's counsel failed to object to the trial court's comments or the prosecutor's statements. In the absence of fundamental error, Cade has waived these points on appeal. *McGee v. State*, 689 S.W.2d 915, 919 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd); *Wells v. State*, 634 S.W.2d 868, 874 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd, untimely filed).

We find no fundamental error. Although we do not approve the trial court's suggestion that the reasonable doubt test might be satisfied "somewhere between fifty and one-hundred" on a scale of one to 100, we do not find that the trial court's analogy was such a serious error that we can reverse in the absence of an objection. The trial court cautioned the jury panel that the law does not define "reasonable doubt" in terms of a specific quantum of proof. In her only reference to the trial court's example, the prosecutor emphasized that each juror had to individually determine whether the State's proof established guilt beyond a reasonable doubt. Neither party referred to the trial court's example again. We do not find that the trial court's single comment caused the jury to misunderstand the reasonable doubt standard.

All of the prosecutor's other comments were fairly derived from the principle that Texas law does not define "reasonable doubt" for jurors. *See, e.g., McGinty v. State*, 723 S.W.2d at 720–21. We find no error in the prosecutor's statements.

We overrule the fifth and sixth points of error.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published. We reform the judgment by substituting the word "knife" for "firearm" in the paragraph of the trial court's judgment indicating its finding on the use of a deadly weapon, and as reformed, the judgment of the trial court is affirmed.

HUGHES, J., also participating.[1]

---

**1.** Justice James F. Warren, who died August 13, 1990, participated on submission, but did not participate in the decision.