

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0261-10

**DAVID O. MEEKINS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LUBBOCK  COUNTY

**MEYERS, J., filed a dissenting opinion in which PRICE, J., joined.**

### <u>DISSENTING OPINION</u>

I know that the standard in this case is clear and convincing, but I certainly do not know what is clear and convincing about appellant's alleged consent.  Although the majority gives lip service to the applicable rule, the majority misapplies it because these facts are anything but clear and convincing.

The State has the burden of proving by clear and convincing evidence that the alleged consent is voluntary and free or, in other words, positive, unequivocal, and

without coercion.  *State v. Ibarra*, 953 S.W.2d 242, 245 (Tex. Crim. App. 1997) (en

banc).  Thus, the critical inquiry on appeal is whether the evidence presented at the

suppression hearing fairly supports the trial court's finding of free and voluntary consent

by clear and convincing evidence.  Clear and convincing evidence is defined as "evidence

indicating that the thing to be proved is highly probable or reasonably certain"[1] or "that

measure or degree of proof which will produce in the mind of the trier of fact a firm

belief or conviction as to the truth of the allegations sought to be established."[2]  It is a

burden of proof that is less than beyond a reasonable doubt but greater than a

preponderance of the evidence.  Although the evidence need not be undisputed to satisfy

the standard, "the proof must weigh heavier than merely the greater weight of the credible

evidence."  *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979).  Only when the State

meets this threshold in proving consent may the evidence obtained from the subsequent

search be introduced at trial, so an appellate court will not disturb a finding of free and

voluntary consent *if* the record supports that finding by clear and convincing evidence.

*Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000).

It is hard to believe that the trial court could conclude that it was highly probable

or reasonably certain that appellant voluntarily consented to the search of his car in this

---

[1] BLACK'S LAW DICTIONARY 457 (7th ed. 2000).

[2] *Young v. State*, 648 S.W.2d 2, 3 (Tex. Crim. App. 1983) (quoting *State v. Addington*, 588 S.W.2d 569 (Tex. 1979)).

case.[3]  The video shows that Officer Williams, speaking with an assertive tone, asked appellant for consent to search his car at least six times in a rapid-fire fashion.  Each time appellant either failed to respond, asked why the search was being requested, or requested clarification.  The evasiveness of appellant's responses led Officer Williams to inform him of his desire for a yes-or-no answer.  During this exchange, there were a total of three policemen around appellant's car, two on the driver's side and one on the passenger's side, and one officer was using a flashlight to look into the backseat.  Also, no *Miranda* warnings were given, and appellant was not told that he could refuse to consent to the search.  Ultimately, in response to Officer Williams's question, "Do you mind if I look?" appellant responded, "I guess," or "Yes."  Officer Williams testified that he believed this to constitute appellant's consent, so he immediately, without further mention of the search of the vehicle, asked appellant to get out of his car.  Appellant complied.

These facts fail to prove by clear and convincing evidence that appellant's words or actions could be perceived as positive and unequivocal consent by an objectively reasonable person.  The video indicates appellant's significant evasiveness and reluctance.  As the majority acknowledges, "Officer Williams's [final] question is hardly

[3]Appellant was stopped for failure to signal a left turn, but Officer Williams did not seem interested in ticketing Appellant for the minor traffic offense.  Although we have held that an officer's subjective intention for making a stop is irrelevant, I believe that the use of failure to signal is becoming a very tenuous reason for probable cause to stop cars.  It seems that that particular violation should be subject to further evaluation to determine whether it effected others, including pedestrian or vehicular traffic.  In this case, the officers were parked along the curb, and there was no other traffic at that hour.

a model of clarity, and appellant's answer is fraught with ambiguity." Appellant's response of "I guess," or "Yes," could be interpreted to mean that he did, in fact, mind if the officer searched his car or, instead, that he failed to listen to the last question and answered the prior questions affirmatively. And when that specific question and answer are viewed in the context of the entire exchange between Officer Williams and appellant, the vacillation and hesitance of appellant's responses created an overall sense of uncertainty, rather than that of a positive and unequivocal consent. This is particularly evident when considering Officer Williams insistent tone, the rapid-fire nature of the questioning, that appellant was not informed that he could refuse to consent, and the absence of *Miranda* warnings. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226-27 (1973) (stating that whether the defendant was warned that he need not consent to further questioning or the search of a vehicle and whether the police administered *Miranda* warnings are among the factors to consider in assessing the validity of the alleged consent). There may be a possibility that appellant's response could have been understood as consent, but still, the evidence falls below the required standard of clear and convincing evidence.

The majority seems to rely on the fact that appellant exited the car without difficulty to support a finding of valid consent, stating for example that "[i]f appellant had intended to refuse consent, it seems reasonable that he would have objected, complained or refused to get out of his car." But while appellant exited his car in short succession

after the questioning regarding consent and he did so without incident, it cannot be ignored that there were a total of three policemen around appellant's car when he was asked to exit the vehicle; that one officer was using a flashlight to look into the vehicle's backseat; that Officer Williams spoke in an assertive voice; and that appellant was responding to a legitimate request by Officer Williams (as Judge Johnson points out in her concurrence, an officer is entitled to ask the occupants to step out of the car even without probable cause or reasonable suspicion).  I think that an objectively reasonable person in Officer Williams's position would believe that appellant was not choosing to cooperate but was instead following orders to exit the vehicle.[4]

The majority has relegated to footnote 24 the whole essence of this case (whether there is clear and convincing evidence in the record to support a finding of valid consent). It has implemented some convoluted legal standard that makes no sense, and it has made no effort to show how the court of appeals deviated from that standard.  Basically, the majority is wrong.  The majority concludes, "Viewing the totality of the circumstances in the light most favorable to the trial judge's ruling, we conclude that he did not abuse his discretion in finding that appellant voluntarily consented to a search of his car.  Of course, had the trial judge found that appellant did not, in fact, voluntarily consent, we would

---

[4]Does the majority want to encourage drivers to refuse to get out of their cars or require officers to drag a drivers out of their cars in order to show lack of consent?

uphold that factual finding as well, given the totality of the circumstances in this case."[5]

These statements are inconsistent with the standard of clear and convincing evidence. In fact, the majority cites a federal case to support its proposition, and in federal cases, the State has the burden of proving by a *preponderance* of the evidence, rather than clear and convincing evidence, that the defendant's consent was valid. *United States v. Randall*, 211 F. Supp. 2d 1127, 1135-36 (D. Neb. 2001). Clear and convincing requires that the evidence shows that appellant's consent was reasonably certain, that the proof must weigh heavier than merely the great weight of the credible evidence. Surely this is not satisfied if a court believes both that the consent was positive and unequivocal and that it was not positive and not unequivocal.

I agree with the court of appeals that the "State failed to clearly and convincingly prove that appellant granted the officer positive, unequivocal, and voluntary consent to search his car." *Meekins v. State*, 303 S.W.3d 25, 28 (Tex. App.—Amarillo 2009). Thus, I would not defer to the trial court's determination.

For these reasons, I respectfully dissent.

Meyers, J.

Filed: May 4, 2011

Publish

---

[5]Similarly, the majority quotes the dissent of the court of appeals: "Accepting the [majority's] conclusion as correct, surely the same evidence permitted the trial court to conclude appellant did not refuse the officer consent to search his car." *See Meekins v. State*, 303 S.W.3d 25, 31 (Tex. App.—Amarillo 2009) (Campbell, J., dissenting).