In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00024-CR
______________________________


TIMOTHY FLOYD HOLLOWAY, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 351st Judicial District Court
Harris County, Texas
Trial Court No. 988257


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â On November 18, 2004, Timothy Floyd Holloway was convicted by a Harris County jury of
felony assault of a household member by causing bodily injury, after having been previously
convicted for household violence. See Tex. Pen. Code Ann. Â§ 22.01(a), (b)(2) (Vernon Supp.
2005); see also Tex. Fam. Code Ann. Â§ 71.005 (Vernon 2002). On the same date, after hearing
evidenceâincluding two prior felony convictions used as punishment enhancementsâand
argument, the trial court


 sentenced Holloway to forty years' imprisonment. Holloway timely
appealed, and his appeal was transferred to this Court pursuant to the Texas Supreme Court's docket
equalization order. SeeÂ Tex. Gov't Code Ann. Â§ 73.001 (Vernon 2005).
Â Â Â Â Â Â Â Â Â Â Â Â On June 30, 2005, Holloway's appellate counsel filed a thorough Anders


 brief in which
counsel professionally discussed the record, described the issues reviewed, and concluded there were
no arguable grounds for appeal. As required by Anders, counsel also filed a motion to withdraw. 
Counsel sent Holloway a copy of the appellate brief and informed him of his right to file a response
Â pro Â se Â and Â his Â right Â to Â review Â the Â record. Â Holloway Â filed Â his Â pro Â se Â response October 11,
2005, containing four points of error. Though Holloway's pro se points of error are couched in
constitutional terms, his arguments raise more conventional issues. In reality, Holloway's points two
and four challenge the sufficiency of the evidence to support the trial court's judgment. In his points
one and three, Holloway asserts he was denied effective assistance of counsel. The State waived any
response to Holloway's pro se brief.
Â Â Â Â Â Â Â Â Â Â Â Â We have independently reviewed the record and the briefs filed in this appeal. Because we
agree there are no arguable issues that would support an appeal in this case, we affirm the judgment
of the trial court.
1. Indictment
Â Â Â Â Â Â Â Â Â Â Â Â We agree with appellate counsel that the indictment does not reveal any error, and no claim
of indictment error was raised in the trial court. The indictment in this case tracks the statutory
language, and we have found nothing vague or ambiguous in its language that might be said to
deprive Holloway of adequate notice of the charge against him. See generally Daniels v. State, 754
S.W.2d 214, 217â18 (Tex. Crim. App. 1988) (indictment drafted in language of statute ordinarily
sufficient).
2. Voir Dire
Â Â Â Â Â Â Â Â Â Â Â Â The trial court


 conducted extensive and thorough voir dire itself before the parties had their
turns. The voir dire was effective and complete. We agree with appellate counsel that no error was
preserved during voir dire, nor does any error appear.
Â 
3. Guilt/Innocence
Â Â Â Â Â Â Â Â Â Â Â Â Holloway, in points of error two and four of his pro se brief, essentially argues the factual and
legal insufficiency of the evidence. We agree with appellate counsel that the evidence in the record
is factually and legally sufficient to support the verdict of guilty.
Â Â Â Â Â Â Â Â Â Â Â Â In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). Because there is evidence in the record, which if believed would supply proof
of each element of the offense, the evidence is legally sufficient.
Â Â Â Â Â Â Â Â Â Â Â Â In reviewing the factual sufficiency of the evidence, we are required to determine whether,
considering all the evidence in a neutral light, the jury was rationally justified in finding guilt beyond
a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). The jury is not
justified in finding guilt if the evidence supporting the verdict is too weak to support the verdict of
guilt beyond a reasonable doubt or if the evidence contrary to the verdict is too strong to allow the
verdict of guilt beyond a reasonable doubt to have been reached rationally. Threadgill v. State, 146
S.W.3d 654, 664 (Tex. Crim. App. 2004). While the State's evidence of guilt is controverted by a
fair amount of record evidenceâHolloway's asserted physical infirmity, the asserted alternative
beating of the victim by four women, and Holloway's denial that he assaulted the victimâdeciding
which evidence to believe is the responsibility and office of the jury, not of this Court. The jury
alone judges the credibility of witnesses, the weight to be given their testimony, and the
reconciliation of evidentiary conflicts. Whitaker v. State, 977 S.W.2d 595, 598 (Tex. Crim. App.
1998). The jury believed the evidence supporting Holloway's guilt, not his innocence.
Â Â Â Â Â Â Â Â Â Â Â Â In our review of the record, we did notice one comment by the trial court, made before any
evidence was received, which seems to assume that the charged offense had been committed. In
dismissing the just-seated jury for the night, the trial court cautioned the jurors to inspect the place
"where the offense happened." 
Â Â Â Â Â Â Â Â Â Â Â Â A trial court shall refrain from commenting on the weight of the evidence in the jury's
presence during any stage of a trial and shall never make any remark which would convey to the jury
its opinion of the merits of the case. Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979). A trial
court's comment on the weight of the evidence constitutes reversible error if it is reasonably expected
either to have benefitted the State or to have prejudiced the defendant. Sharpe v. State, 648 S.W.2d
705, 706 (Tex. Crim. App. 1983); Clark v. State, 878 S.W.2d 224, 226 (Tex. App.âDallas 1994,
no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â But no objection was made to the trial court's comment. To preserve error, a party must
make a timely objection. See Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999). 
Absent fundamental error, a defendant who fails to object waives this complaint on appeal. Blue v.
State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000); see Cade v. State, 795 S.W.2d 43, 45 (Tex.
App.âHouston [1st Dist.] 1990, pet. ref'd); McGee v. State, 689 S.W.2d 915, 919 (Tex.
App.âHouston [14th Dist.] 1985, pet. ref'd). But some extreme errors can be fundamental error
assuming constitutional dimension, and those errors are not waived by failing to object. Blue, 41
S.W.3d at 132. Fundamental error is error that is so egregious and creates such harm that the
defendant has not had a fair and impartial trial. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1984) (op. on reh'g). Egregious harm "is present when the reviewing court finds that the case
for conviction or punishment was actually made clearly and significantly more persuasive by the
error." Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991).
Â Â Â Â Â Â Â Â Â Â Â Â We conclude the trial court's remark was not fundamental error, but was harmless. The short,
passing, obviously inadvertent comment by the trial court was focused on instructing the jury not to
survey the site in question, not on Holloway's guilt. The ensuing trial dealt entirely with whether
Holloway or a group of four women assaulted the victim. The trial was such that this comment,
made to the newly seated jury and totally overlooked at the time, would certainly have lost, by the
time the jury decided guilt, any slight force it might have had at the time it was made. We are
confident the trial court's comment had no effect on the jury's decision made two days later as to
Holloway's guilt or innocence.
Â Â Â Â Â Â Â Â Â Â Â Â We further agree with appellate counsel that there was no error preserved as to the jury
charge on guilt/innocence, nor do we note the existence of any error in that charge.
Â 
Â 
4. Punishment
Â Â Â Â Â Â Â Â Â Â Â Â During the punishment trial, Holloway stipulated to the truth of the two prior enhancement
convictions. We see no error in the punishment evidence.
Â Â Â Â Â Â Â Â Â Â Â Â One might wonder whether a forty-year sentence for assault might be cruel and unusual
punishment. The trial court assessed punishment at forty years' imprisonment, which is within the
range provided for domestic assault, subsequent offense, a third-degree felony, when punishment
is enhanced for repeat and habitual felony offendersâas was done here. See Tex. Pen. Code Ann.
Â§ 22.01(a), (b)(2) (domestic assault jurisdictionally enhanced with previous domestic assault
conviction, becomes third-degree felony); Â§ 12.42(d) (Vernon 2005) (punishment range for third-degree felony enhanced with two prior felonies, is twenty-five to ninety-nine years', or life,
imprisonment).
Â Â Â Â Â Â Â Â Â Â Â Â Punishment within statutory boundaries is generally not considered cruel and unusual. 
McNew v. State, 608 S.W.2d 166, 174 (Tex. Crim. App. 1978). An exception to this rule is set out
in a three-part analysis in Solem v. Helm, 463 U.S. 277, 291â92 (1983). The first part of the Solem
analysis compares the punishment against the gravity of the offense. Harmelin v. Michigan, 501
U.S. 957, 1006 (1991); Culton v. State, 95 S.W.3d 401, 403 (Tex. App.âHouston [1st Dist.] 2002,
pet. ref'd). The second and third parts, which consider sentences imposed on other criminals within
the same and other jurisdictions, are required only if the sentence is found grossly disproportionate
to the offense. Culton, 95 S.W.3d at 403. The trial court's discretionary determination of
punishment is given great deference. See Jenkins v. State, 870 S.W.2d 626, 631 (Tex.
App.âHouston [1st Dist.] 1994, pet. ref'd). It is undisputed that Holloway's punishment here is
within statutory boundaries. Because his forty-year sentence does not pass the "grossly
disproportionate" threshold of the Solem analysis, we need not address the two remaining parts of
the analysis. See Culton, 95 S.W.3d at 403.
Â Â Â Â Â Â Â Â Â Â Â Â We agree with appellate counsel that no error appears in the sentence.
5. Assistance of Counsel
Â Â Â Â Â Â Â Â Â Â Â Â Points of error one and three of Holloway's pro se brief asserts that he was denied the
effective assistance of counsel. Holloway's point one asserts, specifically, that trial counsel was
ineffective in failing to have two sisters served with witness subpoenas to obtain their testimony,
which would purportedly support the defense-alleged assault on the victim by those two women and
two others.
Â Â Â Â Â Â Â Â Â Â Â Â To establish ineffective assistance of counsel, a defendant must prove by a preponderance
of the evidence that (1) counsel's performance was so deficient as to fall below an objective standard
of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different. Rylander v. State, 101 S.W.3d 107,
109â10 (Tex. Crim. App. 2003) (citing Strickland v. Washington, 466 U.S. 668, 691 (1984)). A
reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. 
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). We are not to speculate concerning
why trial counsel acted as he or she did, but must instead be highly deferential and presume trial
counsel's actions fell within the wide range of reasonable and professional assistance. See Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Any allegations of ineffectiveness must be
firmly founded in the record, and the appellant must prove he or she was denied a fair trial based on
the totality of the representation, not by isolated instances or by only a portion of the trial. Id. at 835;
Harling v. State, 899 S.W.2d 9, 12 (Tex. App.âSan Antonio 1995, pet. ref'd). In assessing whether
a defendant has met both prongs of Strickland, we cannot speculate beyond the evidence contained
in the record. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Generally, the trial
record will not suffice to establish an ineffective assistance of counsel claim. Thompson, 9 S.W.3d
at 813â14. A silent record usually cannot rebut the presumption that counsel's performance resulted
from sound or reasonable trial strategy. Jackson, 877 S.W.2d at 771.
Â Â Â Â Â Â Â Â Â Â Â Â The record does not reveal whether the potential, but unused, witnesses were available or
could have been found, nor does it reveal what they would have testified to if put on the stand. It
would be improper for us to speculate. We agree with appellate counsel that the several defense
motions filed before trial do not appear to leave room for any claim that counsel's pretrial activities
were deficient in any way. We further agree with Holloway's appellate counsel that no evidence of
ineffective assistance of counsel appears in this record. To the contrary, Holloway's trial counsel
provided an engaged, spirited, energetic defense.
Â 
6. Speedy Trial
Â Â Â Â Â Â Â Â Â Â Â Â The offense occurred August 16, 2003. Holloway was in custody beginning from mid- to late
August 2003, and was finally tried November 17â18, 2004. An attorney was appointed for him
September 2, 2003. Holloway retained an attorney, Bob Heath, who was substituted as his counsel
of record October 16, 2003. The indictment was filed October 30. From that point, there were
numerous settings over the next few months, most of them formally agreed to. Jury trial was set, by
agreement, for July 9, 2004. Trial was not held at that time because Holloway's retained attorney,
Bob Heath, had died. Heath's son, Audley Heath, took over Holloway's defense. There were other
agreed settings and, ultimately, an agreed setting for trial to begin November 17, 2004. That date
was honored.
Â Â Â Â Â Â Â Â Â Â Â Â We are to assess speedy trial claims under a test balancing four factors: (1) length of delay,
(2) reason for delay, (3) assertion of the right, and (4) prejudice. Kelly v. State, 163 S.W.3d 722, 
724â26 (Tex. Crim. App. 2005) (citing Barker v. Wingo, 407 U.S. 514 (1972)). Here, the delay
before Holloway's trial was approximately fifteen months. That is far more than the minimum
amount of time necessary to trigger a speedy trial question. Kelly, 163 S.W.3d at 724â25. Although
the delay was rather lengthy in this case, the trial court faced with the issue could have reasonably
concluded that most of that delay was attributable to, or at least agreed to by, Holloway. One
significant delay was caused by the death of defense counsel, an unavoidable event. Many of the
settings, or resettings, were by agreement. And the record contains no evidence of any assertion of
the right to a speedy trial, nor of any prejudice from the delay. See id. at 724â30. No speedy trial
violation appears here.
Â Â Â Â Â Â Â Â Â Â Â Â Because there is nothing in the record before us to suggest error, we affirm the trial court's
judgment.



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â November 1, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â November 10, 2005

Do Not Publish



xas at Texarkana

Â 

   ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00207-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  BRIAN CHADWICK MARTIN,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 8th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hopkins County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 1122183

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Brian
Chadwick Martin has filed a notice of appeal.Â 
We have now received the certification of MartinÂs right of appeal as
required by Tex. R. App. P.
25.2.Â  That certification states that
Martin waived his right of appeal.

Â Â Â Â Â Â Â Â Â Â Â  Unless a
certification, showing that a defendant has the right of appeal, is in the
record, we must dismiss the appeal.Â  See Tex.
R. App. P. 25.2(d).Â  Because the
trial courtÂs certification affirmatively shows that Martin has waived his
right of appeal, and because the record before us does not reflect that the
certification is incorrect, see Dears v.
State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss the
appeal.

Â Â Â Â Â Â Â Â Â Â Â  Martin has
also filed a motion to dismiss his appeal.Â 
The motion is signed by Martin and by his counsel in compliance with
Rule 42.2(a) of the Texas Rules of Appellate Procedure.Â  See
Tex. R. App. P. 42.2(a).Â  As authorized by Rule 42.2, we grant the
motion.Â  See Tex. R. App. P.Â 42.2.

Â Â Â Â Â Â Â Â Â Â Â  We
dismiss the appeal.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  January
4, 2012

Date Decided:Â Â Â Â Â Â Â  January 5, 2012Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â 

Do Not Publish